27 493
54 549

EDWARDS v. THE STATE.

CRIMINAL LAW—*Requisites of indictment.*—The Code of Criminal Practice, except in reference to particular words employed in the description of certain offenses, is not to be held as dispensing with the clearness and certainty, in charging the offense, recognized by the former practice and the common law.

MURDER—*When indictment insufficient for want of certainty.*—The charge, in an indictment, that the offense was committed with a "*shot gun,*" does not set forth the manner and circumstances attending the use of the gun with such a certainty as would enable a defendant to make a complete defense, if innocent.

COERCION—*Declarations of husband not competent.*—While a wife cannot be found guilty of a crime, if it is shown, from all the facts and circumstances, she was acting under the threats, commands or coercion of her husband in the commission of the offense, yet, the declarations of the husband to that effect made to another, being hearsay, are incompetent testimony, upon the trial, in favor of the wife.

*How shown*—The coercion of the husband must be made to appear *from all the facts and circumstances*, and is not to be presumed merely from the presence of the husband and, the fact of killing being admitted, the wife, to excuse herself from the crime, must show that she was not acting, at the time, from her own volition, but from that of the husband.

APPEAL FROM DESHA CIRCUIT COURT.

HON. M. L. STEPHENSON, *Circuit Judge.*

*Pindalls,* for Appellant.

*First.* We submit that the indictment is insufficient.

The indictment must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendments.

*Archibold's Crim. Prac. and Plea.*, title *Indictment d.*, and authorities cited and illustrations given in *Note* 1, *Waterman's Ed.*, *p.* 283.

*This Statement Must be Certain.*—This principal rule is thus stated, that where the definition of the offense includes generic terms (as it necessarily must), it is not sufficient that the indictment should charge the offense in the same generic terms as in the definition, but it must state the species—it must descend to particulars. *Id., page* 291, and on *page* 295, *n.* 1, it is broadly stated that " at common law, in an indictment for homicide, the means by which the death was effected must be stated. A mere statement that the defendant killed, etc., will not suffice unless the whole tenor of the charge furnish an intelligible description of the manner of committing the offense; and the kind of death proven must not essentially differ from that alleged." See the illustrations given in the note. *See Chitty Crim. Law, pages* 734–5 ; *Starkie's Crim. Plea., chap.* 7, *Forcible Means, pages* 91–2–3 ; *Wharton's Crim. Law, sec.* 285, *note g ; Bishop Crim. Pro., vol.* 1, *sec.* 54—*vol.* 2, *secs.* 511, 519, 524, 529, 567–68. That the indictment is not good by construction or intendment of the provisions of the criminal code. *See Fouts vs. The State,* 9 *O. S. R.,* 122; *Rhodes vs. Com.,* 2, *Dural,* 159 ; *Ib.,* 89 ; *Thompson vs. State,* 26 *Ark.,* 323.

*Second.* The court erred in not admitting as evidence the declarations of Isham Edwards made to Cumby. They were part of the *res gestæ,* and admissible as original evidence. 1 *Greenleaf, sec.* 108 ; *Lund vs. Inhabitants of Tyngsborough,* 9 *Cush. (Mass.)* 36.

*Third.* That the *verbal charge,* and *fourth and ninth instructions,* given by the court to the jury, respecting the threats and coercion of the husband, are contrary to the law.

By the common law the excuse of the wife was made dependent only upon the presence of the husband (except in case of treason or murder.) Our law abolishes this exception, but makes the excuse dependant upon it appear-

ing *from the facts and circumstances* that threats, etc., *were used,* (*Freel vs. State,* 21 *Ark.,* 218; *Gould's Dig.,* 325), while these instructions further require the wife to show that her actions *were influenced by the threats, etc.,* and not by the promises or inducements.

*Montgomery, Attorney General,* for Appellee.

BENNETT, J.—The appellant was indicted in the Desha Circuit Court for the murder of Daniel Jackson, and, upon trial, was found guilty of murder in the second degree, and from the judgment rendered in the court below, has prosecuted this appeal. ·

The action of the court below is now complained of on the grounds :

*First.* The court erred to the prejudice of the appellant in overruling her motion in arrest of judgment. The motion in arrest is based upon the assertion that the indictment does not charge an offense with such a degree of certainty as to enable the court to pronounce judgment on the conviction. In determining this point we are limited to the single inquiry, whether the facts, as stated in the indictment, constitute a public offense within the jurisdiction of the court. *Crim. Code, sec.* 272.

The indictment accuses Lucy Edwards of the crime of murder in the first degree, committed as follows, to-wit: "The said Lucy Edwards, on the 23d day of February, A. D. 1871, in the county and State aforesaid, did feloniously, willfully, premeditatedly and with malice aforethought, in and upon one Daniel Jackson, with a shot-gun, make an assault, and him, the said Daniel Jackson, with the shot-gun aforesaid, did then and there feloniously, willfully, premeditatedly and with malice aforethought, kill and murder, against the peace and dignity of the State of Arkansas."

The requisites of an indictment, under our criminal code, are these : It must contain the title of the prosecution, speci- fying the name of the court in which the indictment is pre-

sented, and the name of the parties; also a statement of the facts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and it must be direct and certain as regards the party and the offense charged; the county in which it was committed, and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. *But no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits. Criminal Code, secs. 121 to 129 inclusive.*

It is admitted by the appellant that the indictment contains all the requisites, as above stated, with the exception that the facts constituting the offense are not set forth in such ordinary and concise language as to convey to a person of common understanding the nature of the offense charged. By *sec.* 128, *Criminal Code*, an indictment is sufficient if it can be understood therefrom: That the act or omission, charged as an offense, is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the rights of the case. In this, and in other similar provisions, the legislature has very clearly manifested an intention to dispense with the rigid adherence, heretofore required, to mere technical forms which, instead of protecting the substantial rights of the accused, most generally operated to defeat the real ends of justice. The rule, however, is well settled, that an indictment must set forth the offense with such certainty as to apprise the defendant of the nature of the accusation upon which he is to be tried, and with such clearness and conciseness as to constitute a bar to any subsequent proceeding for the same offense. The indictment under consideration charges the defendant with the felonious, willful, premeditated and malicious killing and murdering of Daniel Jackson, and states the manner of the killing to be " by making an assault upon him with a shotgun."

The offense of murder is clearly charged against the defendant, and this crime is within the jurisdiction of the Circuit Court of Desha county. But the appellant claims that the circumstances and manner of the killing are not fully stated, because the indictment does not allege in what manner the assault was made with the shot-gun—whether the shot-gun was used as a fire-arm or as a bludgeon, or to frighten him to death with it. It would have been much better, and not have been considered as surplusage, to have said in the indictment, that the assault was made with a shot-gun, and with said gun did kill and murder by *shooting* him, or that the assault was made with a shot-gun, and by *shooting him* with said gun did kill and murder him, or any other allegation of the manner of the assault and killing in accordance with the facts. It may be very material for the defendant, as a matter of defense, to know how the fatal blow was produced.

In an indictment for murder the gravamen consists in the killing, which may be distinctly stated, but the manner in which it was done be omitted. The omission to do so may " tend to prejudice the substantial rights of the accused on the merits," and so effect the judgment of conviction as to justify the court in reversing it on that ground alone.

. It is a rule of criminal law that every indictment should be certain :

*First.* A complete description of the offense charged.

*Second.* It should set forth facts constituting the crime with a reasonable degree of certainty, so the accused may have notice of what he is to meet.

. The fact that Daniel Jackson was feloniously, willfully, premeditatedly and maliciously killed and murdered by Lucy Edwards with a shot-gun, is stated with sufficient conciseness to make out the offense charged, but that Daniel Jackson was killed " with a shot-gun," does not set forth the manner and circumstances attending the use of the gun with such a

32

certainty as would ordinarily enable a defendant to make a complete defense, if innocent.

None of the substantial rights of the defendant, in the case at bar, may have been denied her, as appears from the record, from an imperfect statement of the facts constituting the crime, which might cause us to hesitate in reversing this case upon a motion in arrest of judgment, but the record shows that, before her plea to the indictment was entered, she demurred to it, which demurrer was overruled. Whether a new indictment, alleging all the circumstances of the killing, would have given the accused any better notice of what she was to meet upon trial, we are unable to say. Still she was entitled, in the outset, to a more full and complete accusation as to the mode and manner of the commission of the offense.

The court erred in overruling the demurrer to the indictment, and the motion for arrest of judgment. The case of *Thompson vs. State*, 26 *Ark.*, 323, fully decides the requisites of an indictment.

*Second.* The defendant insists that the court erred in not allowing certain declarations of Isham Edwards, her husband, made after the killing was done and to Esquire Comby, to go to the jury.

From the transcript, it appears that the witness, Lilly Jones, called by the defendant, stated on the trial, that when Isham Edwards, the husband of Lucy, the defendant, went up to Esquire Comby and told him, " that he, (Isham Edwards) had made Lucy, his wife, kill Jackson."

The court ruled this statement of Edwards as inadmissible, and instructed the jury to disregard it altogether and would not allow Esquire Comby, when called as a witness, to testify to any statement by Edwards to him.

The defense, in this case, seems to have been mainly predicated upon the fact that the defendant was a married woman, and if she did the killing, it was done under the threats, commands and coercion of her husband, Isham Edwards, and claims any admissions or confessions made by him in her favor

were competent testimony and should have been received by the court and jury.

Our statute declares that, "married women, acting under the threats, commands or coercion of their husbands shall not be found guilty of any crime or misdemeanor, *if it appear from all the facts and circumstances of the case that violence, threats, commands or coercion were used.*"

It would thus appear that a wife cannot be found guilty of a crime, if it is shown from all the facts and circumstances, she was acting under the threats, commands or coercion of her husband in the commission of the offense.

The declaration of Edwards, the husband, that he "made Lucy, his wife, kill Jackson," made before another person, would not be competent testimony upon the trial in favor of the wife, because it is hearsay, and such evidence is incompetent to prove a specific fact which is in its nature susceptible of being proved by witnesses, who speak from their own knowledge.

In the case of the *United States vs. Douglass*, 2 *Bl. C. C.*, 207, the court say: "when, on a joint indictment against them for murder, one of them is tried separately, it is not competent to give in evidence a conversation between the other two, when alone, inculpating themselves and exculpating him from all participation in the crime." These declarations of Edwards were properly excluded from the testimony.

The third cause for a new trial is, that the court erred in instructing the jury that, " The burden of proving coercion, threats or commands devolves upon the defendant, and the crime must appear to have been done under the influence of such coercion, threats or command."

We think it clear, under our statute, that if a wife commit a crime under the threats, commands or coercion of her husband, she cannot be found guilty, but this coercion of the husband must be made to appear *from all the facts* and circumstances, and is not to be presumed merely from his presence. A defendant who virtually admits the killing and attempts to

excuse herself from the crime, must show that she was not acting at the time from her own volition but from that of another.

The instruction was not erroneous. It is not necessary to review the testimony to determine whether the verdict of the jury was correct or not, as from the insufficiency of the indictment the judgment must be reversed. The cause is remanded with instructions to hold the defendant in custody until the case is again brought before the grand jury of Desha county.