# STATE *v.* KIRK.

FELONY—AIDING AND ABETTING.—One present, aiding and abetting in the commission of a felony, may be convicted on an indictment charging him directly with the commission of the fact.

APPEAL from Lane County.

*J. W. Hamilton and Geo. S. Washburn,* for appellant.

*E. G. Hursh,* for respondent.

By the Court, WALDO, J.:

The appellant was indicted jointly with John Barnard **for**

the murder of Jack Kearns. The court gave the jury this instruction: "It is the theory of the state that John Barnard was the person who inflicted the mortal wound, and that this defendant was present, aiding, assisting and abetting or encouraging him in the commission of the crime. I instruct you, as the law in this case and governing the proof of the charge contained in the indictment against defendant, that it makes no difference whether this defendant cut, struck or stabbed Jack Kearns, the deceased, with a knife or sharp instrument, as in the indictment alleged. It is not necessary to prove these facts against this defendant as in the indictment alleged. If you find from the evidence, beyond a reasonable doubt, that this defendant was present, aiding, assisting, abetting or encouraging said Barnard, the joint defendant, in the commission of said crime, he is as guilty as the one who inflicted the fatal wound."

Counsel for appellant excepted to this instruction—the only exception they urged at the argument. The objection is that the appellant should not have been convicted as an aider and abettor unless charged as such in the indictment, and counsel cite sec. 11 of art. 1 of the state constitution, that the accused shall have the right to demand the nature and cause of the accusation against him, and sec. 69, 349 Gen. Laws, that the indictment shall contain a statement of the facts constituting the offense.

The accused is informed of the nature and cause of the accusation when he receives a copy of the indictment, charging the offense according to the principles of the common law; and an indictment so drawn states the acts constituting the offense within the meaning of the statute. The acts constituting the offense are stated when they are stated according to their legal effect. Thus: "If A, B and C are indicted for killing J. G., and that A struck him, and

that the others were present, procuring, abetting, etc., and upon the evidence it appears that B struck, and that A and C were present, etc., in this case the indictment is not pursued in the circumstance; and yet it is sufficient to maintain the indictment, for the evidence agrees with the effect of the indictment, and so the variance from the circumstance of the indictment is not material; for it shall be adjudged in law the wound (stroke) of every one of them, and is as strongly the acts of the others, as if they all three had held the weapon, etc., and had all three struck the deceased." (MacKalley's Case, 9 Co., 67. The statute is followed when the act is stated according to its legal effect. Bish. C. P., sec. 332; *Page* v. *Freeman*, 19 Mo., 421; *People* v. *Onteveras*, 48 Cal., 19.)

We confine ourselves to the case before us, in which a like conviction, on a like indictment, would have been good at common law. It is not necessary to determine whether the defendant may have been convicted on this indictment on evidence that he was an accessory before the fact. It follows that the instruction was correct.

Judgment affirmed.