## RAY *v.* STATE.

### Opinion delivered March 11, 1912.

1. INDICTMENT—ACCESSORY BEFORE THE FACT.—In an indictment for the crime of being accessory before the fact to a felony, it is necessary that the indictment should allege the facts constituting the felony with the same degree of certainty and particularity as though the person alone who committed it were indicted. (Page 596.)

2. HOMICIDE—SUFFICIENCY OF INDICTMENT FOR MURDER.—An indictment of one for being accessory before the fact to murder in the first degree which alleges that the principal committed the murder "with a certain gun then and there loaded with powder and leaden balls and shot" is insufficient in failing to show the manner of the killing. (Page 596.)

Appeal from Miller Circuit Court;  *Jacob M. Carter,* Judge; reversed.

*John N. Cook* and *Joe E. Cook,* for appellant.

The indictment is fatally defective in that it does not allege the manner of the killing—whether the gun was used as a club or a firearm—and the demurrer should have been sustained. 27 Ark. 493; 34 Ark. 263; 54 Ark. 549; *Id.* 587; 51 Ark. 138; 26 Ark. 323; 29 Ark. 168.

*Hal L. Norwood,* Attorney General, and *William H. Rector* Assistant, for appellee.

The demurrer was properly overruled. The indictment is good under the code, and it was not necessary to allege the manner in which Hunter, the principal, used the gun. 118 Mass. 1; 162 Mass. 90; 1 Russell on Crimes, (3 ed.) 558; Stark's Crim. Proc., (2 ed.) 92; Archbole, Crim Proc., (10 ed.), 407; Kerr on Homicide, § 257; Wharton on Homicide, § § 556-564 *et seq.*; 5 Mont. 242; 67 Mo. 13; 104 Ind. 347; 99 N. W. 1114; 21 Cyc. 845-846; 58 Ark. 390; 61 Ark. 88; Kirby's Digest, § § 2228, 2229, 2243; 84 Ark. 487; 88 Ark. 311.

FRAUENTHAL, J. The defendant, John Ray, was tried and convicted under an indictment charging him with the crime of accessory before the fact to murder in the first degree. The indictment is as follows:

"The grand jury of Miller County, in the name and by the authority of the State of Arkansas, accuse John Ray of the crime of accessory before the fact to murder in the first degree committed as follows, towit: that Will Hunter, in the county and State aforesaid on the 18th day of May, 1911, unlawfully, wilfully, feloniously with malice aforethought, with deliberation and premeditation, did kill and murder one William W. Hunter with a certain gun then and there loaded with powder and leaden balls and shot, and that the said John Ray in the county and State aforesaid on the 17th day of May, 1911, before the said murder was committed in form aforesaid, unlawfully, wilfully and feloniously did advise and encourage the said Will Hunter to do and commit the murder in manner and form aforesaid, against the peace and dignity of the State of Arkansas."

To this indictment the defendant interposed a demurrer, and asked that it be quashed upon the following grounds, amongst others:

1. Because the same is indefinite and uncertain in this, that it does not show the manner, method or means of the killing or how the gun was used—whether as a club, firearm or otherwise.

2. Because said indictment as a whole is so indefinite and

uncertain that it does not apprise the defendant of the offense he is charged with or called upon to defend.

3.   Because said indictment does not state facts sufficient to constitute a public offense.

In an indictment for the crime of accessory before the fact, it is necessary that the indictment should allege the facts constituting the felony with the same degree of certainty and particularity as though the person who committed it were alone indicted.   It is necessary to allege in such an indictment that the felony was committed by the principal.   The accessory can not be guilty if the principal is not guilty; and he can be guilty of no other or higher grade of crime than that of which the principal is also guilty.   The accessory before the fact to the crime is indicted as an accessory, but he is punished as a principal.   He is in law a participant in the crime of the principal, though absent at the time of its commission.   Kirby's Digest, § 1561; *Smith* v. *State*, 37 Ark. 274; *Williams* v. *State*, 41 Ark. 173; *Corley* v. *State*, 50 Ark. 313.   The guilt of the accessory before the fact is based and dependent upon the guilt of the principal; and if the principal has committed no crime, then the accessory is free from guilt.   To charge an offense against the accessory, it is necessary to also charge an offense against the principal.   The facts constituting the crime committed by the principal must, therefore, be set out with the same degree of certainty as though the principal were alone indicted. 1 Bishop, New Criminal Procedure, § 8; 1 Wharton's Criminal Law, (10 ed.) § 238; *Freel* v. *State*, 21 Ark. 212; *People* v. *Thrall*, 50 Cal. 415; *State* v. *King*, 88 Minn. 175; *Ulmer* v. *State*, 14 Ind. 52.

By our Criminal Code it is provided that "the indictment must be direct and certain as regards, first, the party charged; second, the offense charged; third, the county in which the offense was committed; and, fourth, the particular circumstances of the offense charged, where they are necessary to constitute a complete offense."   It is also provided that "the indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."   Kirby's Digest, § § 2227 and 2243.   In an in-

dictment for murder, the crime must be charged, and the manner of its commission must also be charged.

In the case of *Thompson* v. *State*, 26 Ark. 323, the court said: "It is a well established rule in criminal law that an indictment must contain such a description of the facts and circumstances as constitute the offense charged; that the person accused may be informed of the specific charge which he is called upon to answer, and the court and the jury the issue they are to try." In that case the indictment charged defendant with the crime of murder, and in stating the manner in which the offense was committed the indictment charged that the defendant did kill and murder the deceased "with a double-barreled shotgun, loaded with gunpowder and leaden bullets." In passing upon the sufficiency of that indictment, the court held that it was fatally defective in failing to allege whether the killing was done by shooting or beating the deceased with the gun. After exhaustively discussing the necessity for alleging in such an indictment the manner of the killing with certainty, the court said: "In the indictment before us, there is nothing but the general and indefinite charge that the defendant killed and murdered deceased with a double-barreled shot gun, loaded with gunpowder and leaden bullets. The particular facts and circumstances of the killing, by which it might judicially appear that the same offense had been committed, and the accused be sufficiently informed of the true nature of the charge against him, so that he might be able to prepare for his defense, are not attempted to be set out."

This case was followed and approved by this court in the case of *Edwards* v. *State*, 27 Ark. 493. In that case the court said: "In an indictment for murder, the gravamen consists in the killing, which may be distinctly stated, but the manner in which it was done omitted. The omission to do so may tend to prejudice the substantial rights of the accused on the merits, and so affect the judgment of conviction as to justify the court in reversing it on that ground alone."

In the case of *Dixon* v. *State*, 29 Ark. 165, the decision in *Thompson* v. *State*, *supra*, was again approved, and in that case the court said, in referring to the case of *Thompson* v. *State*: "In that case the manner of killing was not shown; the indictment only alleged it to have been done 'with a double-

barreled shotgun, loaded with gunpowder and leaden bullets,'
leaving it uncertain whether by shooting or beating—two
modes so different that evidence of one would not be proof of
the other."

In the case of *Haney* v. *State*, 34 Ark. 263, a similar indict-
ment was discussed and held fatally defective; and the decision
in *Thompson* v. *State* was again approved by this court, through
Mr. Justice EAKIN, who rendered the opinion.

Since the above decision made in the case of *Thompson*
v. *State*, this court has never departed from the principle therein
announced, and has steadily approved and adhered to it when-
ever the question was presented to it for determination. It
has steadily declared that in an indictment for murder the
facts and circumstances showing the manner of the killing must
be alleged with certainty, and that an indictment is fatally
defective in failing to indicate the manner of the killing when it
only alleges that the killing was done with a gun, but fails to
allege that it was done by shooting or by beating the deceased
with the gun, or in failing to state the manner in which the
killing was done if it was done in a manner other than by shoot-
ing or beating.

It is urged that, according to the ordinary acceptation of
the language used, when it is alleged that the killing was done
with a gun loaded with powder and shot, it necessarily means
that it was done by shooting with the gun. But this is not the
ordinary or necessary meaning of such language. As was said
by this court in the case of *Dixon* v. *State, supra,* such language
in the indictment leaves it uncertain whether the killing was
done by shooting or beating—two modes so materially different
that evidence of one would not be proof of the other.

Whatever may be the views of the present members of
the court relative to the question of the sufficiency of such an
indictment, if it was now one of first impression; that question
has been definitely determined by this court in the decisions
referred to. The opinion declaring that such an indictment is
fatally defective has been followed so often, and approved by
this court in so many subsequent cases, that we do not think that
any useful purpose would be subserved, or that the due and proper
administration of the criminal laws of the State would be pro-
moted, by now overruling the former decisions on this question.

It follows that the indictment in this case was fatally defective in failing to allege with certainty the manner of the killing. The case is remanded with directions to quash the indictment, and to hold the defendant for such action as the grand jury may take.

KIRBY, J., dissents.