## HUNTER v. STATE.

### Opinion delivered June 3, 1912.

HOMICIDE—INDICTMENT—PRINCIPAL IN SECOND DEGREE.—Under Kirby's Digest, section 1563, providing that "all persons present, aiding and abetting or ready and consenting to aid and abet in any felony shall be deemed principal offenders and indicted and punished as such," one who was present and aiding and abetting in the commission of a murder may be indicted for murder, though he did not strike the fatal blow or make any effort to do so.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*W. P. Feazel,* for appellant.

1. Appellant was indicted as a principal, but on the trial the State relied upon the fact that he was present aiding and abetting the crime, under § 1563, Kirby's Dig. This statute does not relieve the State from so drawing its indictment that defendant may know exactly what he is charged with. Const. Ark. art. 2, § 10; Kirby's Dig., § 2243; 64 Ark. 188; 37 *Id.* 275; 41 *Id.* 175; 34 *Id.* 435; 53 Pac. 709; 4 Okla. Cr. 224; 140 Am. St. 683; 112 *Id.* 238; 123 *Id.* 189; 94 Ark. 242.

2. The court's charge was erroneous. 37 Ark. 275.

3. The statement of law made by the prosecuting attorney as to the law, when defendant's mouth was closed, was prejudicial error.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

Under the statute any person being present aiding and abetting, or ready and consenting to aid and abet, in any felony, is a *principal offender* and *indictable and punishable as such.* Kirby's Dig., § 1563. This question has not been specifically ruled upon by this court, but the inference clearly deducible from a number of decisions rendered is against appellant's contention. See 37 Ark. 274; 41 Ark. 173; 55 Ark. 593; 96 Ark. 58; 84 Ark. 606. See also 2 Bishop's New Crim. Proc. § 1; *Id.* § 3; 1 Bishop's New Crim. Law, § 648; Bishop's Directions and Forms, § 115; 22 Cyc. 360; 45 Pac. 378; 60 Pac. 101; 122 Ill. 101; 58 Ia. 68; 3 Gilman (Ill.) 368; 149 Ill. 612; 153 Ill. 123.

KIRBY, J. Appellant was duly indicted for the murder of one T. P. Patterson, by cutting and stabbing him with a knife.

There was no attempt to show that he struck the fatal blow with the knife, as charged, or that he made any attempt to strike deceased in any way whatever, but only that he was present, aiding and abetting in the commission of the offense, which was done by one Walter Manasco.

It is insisted, first, that the testimony is not responsive to the charge of the indictment, and that it is insufficient to support the conviction.

Under our statute, "All persons being present, aiding and abetting or ready and consenting to aid and abet in any fel-

ony shall be deemed principal offenders, and indicted and punished as such." Section 1563, Kirby's Digest. The statute further provides that an accessory before the fact, defining who is one, shall be deemed in law a principal and punished accordingly, and the court has held that such persons are not indictable as principal offenders, and must be charged as accessories, notwithstanding they are deemed principals in law and punished as such. Sections 1560-1561, Kirby's Digest. *Smith* v. *State*, 37 Ark. 274; *Williams* v. *State*, 41 Ark. 173; *Brown* v. *State*, 55 Ark. 593; *Roberts* v. *State*, 96 Ark. 58; *Blackshare* v. *State*, 94 Ark. 548.

It has however been held by our own court, and generally by the courts of other jurisdictions, under statutes abolishing the distinction that existed at common law, between principals of the first and principals of the second degree in felony, as does our statute above quoted, that an indictment that charges two or more offenders, jointly, with the commission of a crime, sufficiently charges each of them, and that it is immaterial which is charged with having, in fact, struck the mortal blow, since all were present, aiding and abetting and equally responsible for it. *Evans* v. *State*, 58 Ark. 47; *Spies* v. *People*, 122 Ill. 1; *People* v. *Onteveras*, 48 Cal. 19; *Raiford* v. *State*, 59 Ala. 106; *Hawley* v. *Commonwealth*, 75 Va. 847; *State* v. *Kirk*, 10 Ore. 505.

Mr. Bishop says: "Whenever one person's evil intent and another's criminal act combine, the allegations against the former may be either direct, that he did the thing, according to its legal effect, or indirect, that he instigated or procured the other to do it according to its outward form, and he did it. Whichever method is used in the averment, the proof may be that the defendant employed his personal volition or that he instigated another who did the act, as may be the more convenient to the practitioner." 2 Bishop's Crim. Proc. § 1; § 3, par. 2.

He says further, after defining principals of the first and second degree, as they existed at the common law: "And now an indictment against one of the principals of the first degree is sustained by proof of him being such of the second, and an indictment against one of the principals of the second degree is supported by proof that he is of the first. The

distinction is in all respects without a difference; and there is no practical reason for retaining it in expositions of the common law." 1 Bishop's Crim. Law, § 648.

It is further said by him: "Not often will the pleader elect to charge one as principal of the second degree; because, since this participant can be equally well convicted on an allegation of being the actual doer, or principal of the first degree, the latter method will ordinarily be deemed the more convenient." Bishop's Directions and Forms, § 115.

"Where, by statute, the distinction between principals in the first and second degree is abolished, an indictment of a principal in the second degree need not aver any facts other than those requisite to an indictment of the principal in the first degree." 22 Enc. Law & Pro. p. 360. See also 10 Enc. Pl. & Pr. p. 156.

One present aiding and abetting the commission of a felony, formerly a principal in the second degree, is, under the statute, responsible for the result of the act done as though he had done it himself, a principal offender, and must be indicted and punished as such; and, in charging appellant with having stabbed the deceased with a knife, his act was stated according to its legal effect, and a verdict upon testimony tending only to show that he was present, aiding and abetting in the commission of the offense is responsive to the charge, and not a variance therefrom. There is no longer a distinction between principals in the first and second degree, but all are principal offenders, and are required to be indicted and punished as such. *Evans* v. *State,* 58 Ark. 47; *State* v. *Kirk,* 10 Ore. 505; *Usselton* v. *People,* 149 Ill. 612; *State* v. *Payton,* 90 Mo. 220; *Commonwealth* v. *Chapman,* 11 Cush. 428.

Appellant can not complain that he is not definitely charged with the commission of the offense on account of it not being accurately described in the indictment, for the manner of the killing is not material further than it may show the disposition of mind or the intent with which it was committed (section 1762, Kirby's Digest), and this indictment sets out that he himself struck with the knife the blow that caused the death of Patterson, sufficiently showing the disposition of mind and intent with which the act was committed.

In *Drury* v. *Territory,* (Okla.) 60 Pac. 101, it was held that

A was sufficiently charged with the murder of B by an indictment charging in appropriate terms that the murder was committed by C, and that A was present aiding and abetting the commission of the offense.

Without doubt, appellant could have been charged in like manner with the commission of the offense herein, but it was not necessary that he should be.

2. The evidence is by no means clear and satisfactory, but the majority of the court are unable to say that it is not sufficient to support the verdict.

One witness testified that in the morning before the difficulty occurred, and before the provocation therefor arose, appellant in a conversation with Walter Manasco, who stabbed the deceased, was heard to swear and say, "Damn Old Tip!" referring to deceased. He and Manasco had been at the store of the deceased in the forenoon, had gone out of the front door and into the next building, within a few feet, in which hardware was kept. Patterson left the store long enough to have gone to the hardware store, the door was heard to slam, and he then returned to the store. In a few minutes Walter Manasco and appellant came into the store, and one witness said they looked a little peculiar, while another testified that Manasco was mad. He took out a knife, and sat down by the stove, and went to whittling. Deceased was also sitting near the stove. The blacksmith then called Manasco out to help him about shoeing his pony, and Manasco told the blacksmith about the occurrence of their having been ordered out of the store, and that he would cut deceased's damn guts out if he didn't let him alone, and he and appellant shortly thereafter returned to the store. While Patterson was at the far counter from the stove, waiting on a customer, Walter Manasco's brother came in, and Walter was relating to him the occurrence of being ordered out of the store and swearing some, whereupon Patterson said: "If you want to whip me or jump on me, you better do it now," and started along the counter toward the stove; to which Walter Manasco replied, "By God, I can sure do it," and hurried to the end of the counter, met and immediately stabbed Patterson with the knife, one blow only being struck. One witness testified that appellant started out of the store when Manasco made this declaration, and another stated that he

and Townsend came out of the store about a minute before Walter Manasco and his brother came out. Walter Manasco's brother tried to prevent the difficulty, and had hold of Walter's coat tail at the time of the stabbing. Another witness testified that all three came out of the store together, got on their horses, and rode rapidly away.

It is true there was no testimony that appellant had knowledge that Manasco would stab deceased in the difficulty to which deceased challenged him, nor did he make any statement encouraging him to do so, but he was present, had been in the company of Walter Manasco who perpetrated the crime, when they were ordered out of the store and throughout the day, had been heard to swear at deceased, showing an unkindly feeling towards him, and the testimony is sufficient to show that he was aiding and abetting, and his readiness to consent to aid and abet, in the commission of the offense. *White* v. *People*, 139 Ill. 143.

The judgment is affirmed.