## JONES *v*. STATE.

### Opinion delivered June 2, 1913.

1. CRIMINAL LAW—EVIDENCE—ACCESSORY—CONVICTION OF PRINCIPAL.— The conviction of the principal is *prima facie* evidence of his guilt on the trial of an accessory before the fact of the crime; but the record of the conviction does not exclude other competent evidence of the guilt of the principal, nor does it prevent the dispute of such record collaterally on the issue of the guilt of the accessory. (Page 450.)

2. CRIMINAL LAW—PARTIES—ACCESSORY.—Under sections 1560, 1561, of Kirby's Digest, an accessory before the fact is deemed a principal, and is to be punished accordingly, but he must be indicted as an accessory and can not be charged as a principal offender. (Page 451.)

3. CRIMINAL LAW—TRIAL—CONDUCT OF COURT.—In a trial of A for murder as accessory before the fact, the jury asked the court: "Must the confessions of the defendant introduced in evidence be considered against him?" and the court answered, "Yes, in connection with all the other evidence in the case;" *held*, the answer of the court did not intimate the court's opinion of the truth or falsity of the confession of the guilt or innocence of the defendant, and it was therefore not improper. (Page 451.)

Appeal from Fulton Circuit Court; *George W. Reed,* Judge; affirmed.

*Lehman P. Kay* and *Hal L. Norwood,* for appellant.

1. It was error to permit the sheriff, Caruthers, to testify that Davis was convicted of the killing of Moore, and further error to state to the jury that evidence of Davis's conviction was evidence of his guilt. The conviction of Davis could only be proved by the record or by a

duly certified copy thereof. 25 Pa. St. 221; 12 Tex. App. 408; 40 Ga. 465; 26 Gratt, (Va.) 953; 39 Miss. 702; 80 Ga. 127; 75 Va. 925.

2. Where the prosecuting attorney, in his argument to the jury, makes statements which are prejudicial to the defendant, even though they are followed by an admonition from the court to the jury not to consider such statements, and the same are withdrawn by the attorney, yet, if such withdrawal and admonition are not sufficient to overcome the prejudicial effect of the statements, this court will reverse the case. 95 Ark. 238; 58 Ark. 472; 61 Ark. 130; 58 Ark. 353; 70 Ark. 305.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

1. There was no error in admitting oral proof of the conviction of Davis, because appellant had already admitted that fact in a pleading filed by him. He could not have been prejudiced by admitting the oral evidence of it. 67 Ark. 278, 281. And the court's answer to the question asked by the jury. 106 Ark. 362.

2. The statements of the prosecuting attorney objected to were mere expressions of his opinion of the facts, invited, in fact, by appellant's counsel, and not error. 96 Ark. 177, 181.

KIRBY, J. Appellant was charged with being an accessory before the fact to the murder of Charley Moore, and was convicted and sentenced to five years' imprisonment in the penitentiary, and from the judgment, he brings this appeal.

The testimony shows that on February 19, 1912, Charley Moore had started to his home from town in a buggy, in company with Will Melton, and that, as they were crossing Warm Fork Creek, he was shot from ambush, apparently with a shotgun and a rifle, and Melton saw two men running away over the hill. The men ran from the place where the shots were fired, and an examination of the ground showed that two men had been standing there. Moore died that night.

The sheriff and two of his deputies testified. J. B.

Hodges, one of them, that the appellant told him he knew who killed Charley Moore; that Eliphus Davis and Howard Sayers killed him, and that he had furnished the guns to kill him with, and they had told him how it was done. Sharp, the other deputy, testified that when he had Jones under arrest in connection with the bank robbery at Mammoth Spring, and told him of the attempted robbery, and that his son, Ben, had been killed, he asked who gave it away, and upon being told it was Lifus Davis, said: "Then, if they are doing that way about it, I will tell who killed Charley Moore." Being asked who did the killing, he said, "Lifus Davis and Howard Sayers," and to the question how he knew, replied, "I know, because I furnished them guns to kill him with."

The sheriff testified that the appellant told him he knew who killed Charley Moore, that the plot to kill him was made up at his house and at his table, and that Davis and Sayers had his guns. The sheriff stated, further: "J. E. Davis (Lifus) was convicted at the last August term of the killing of Charley Moore, and I took him to the penitentiary." This statement was objected to, and the objection being overruled, exceptions were duly saved.

John Caruthers also testified that the defendant stated to him that Lifus Davis and Howard Sayers killed Charley Moore; that they had his guns, and that they would do the work.

Another witness, Mrs. Hutchinson, testified that she was at Doctor Jones's home about February 15, and saw Howard Sayers and Lifus Davis there; that Doctor Jones, the appellant, went through the room where she was sewing and came back with a shotgun and a riflegun in his hands, and took them out on the porch where Davis and Sayers and his son, Ben Jones, were. That she did not see what he did with them, but when she started home, she had to get up on the hub of the wagon to get on her horse, and saw something wrapped up lying in the wagon, which belonged to Lifus Davis. That, after Charley Moore was killed, she was at Doctor Jones's home when Lifus Davis came there and wanted her to swear an alibi,

and that Ben Jones, Howard Sayers and Doctor Jones were present. She then related how Lifus Davis suggested she should testify in order to show that he was not present at the killing, and that Doctor Jones nodded his head toward her during the conversation, as if to give his approval to the suggestions that she should swear to the statements made, and that there was no truth in the statements. Appellant called at Davis's house after he had been sent to the penitentiary, and got his gun. He did not testify at the trial.

Certain remarks of the prosecuting attorney were objected to, and after the jury had been out considering the verdict, it returned into court, and asked if they must consider defendant's confessions against him, to which the judge replied: "Yes, in connection with all the other evidence in the case," and to the jury's further question: "Was the evidence of Davis's conviction of murder in the second degree evidence of Davis's guilt?" to which the court replied: "Yes." To all of which the appellant at the time objected and saved proper exceptions.

It is contended, first, that the court erred in permitting the sheriff to testify that J. E. (Lifus) Davis, was convicted of the killing of Charley Moore, and that he had taken him to the penitentiary.

It is not denied that such was the fact, but contended only that the guilt of the principal, Davis, could not have been shown otherwise than by the introduction of the record of the conviction. The objection went to the introduction of any such testimony at all, rather than to the manner thereof, and had a specific objection been made, it would doubtless have proved effectual, but none was made.

The conviction of the principal is *prima facie* evidence of his guilt on the trial of an accessory before the fact of the crime, but the record of the conviction does not exclude other competent evidence of the guilt of the principal, nor does it prevent the dispute of such record collaterally on the issue of the guilt of the accessory. *State* v. *Mosley*, 31 Kan. 357; 1 Wharton, Criminal Law, p. 350. At the common law, the record of the conviction,

if it had transpired, could not be dispensed with, but, under the statute (sections 1560-1, Kirby's Digest), an accessory before the fact of the crime of murder "shall be deemed in law a principal, and be punished accordingly," although he must be indicted as such accessory, and can not be charged as a principal offender. *Hunter* v. *State,* 104 Ark. 245, 149 S. W. (Ark.) 99. And the common law, relating to the trial and conviction of such accessory, has also been changed, it now being provided that "An accessory before or after the fact may be indicted, arraigned, tried and punished, although the principal offender may not have been arrested and tried, or may have been pardoned or otherwise discharged." Section 1566, Kirby's Digest.

The testimony is sufficient to show the killing of Charley Moore, by Lifus Davis shooting him from ambush with guns furnished him for the purpose by the appellant, without regard to the sheriff's statement that he had been convicted of the crime and sent to the penitentiary.

No error was committed by the court answering the question of the jury that Davis's conviction of murder in the second degree was evidence of his guilt, for, as already said, the conviction of a principal is *prima facie* evidence of his guilt, upon the trial of an accessory.

Neither did the court err in answering the jury's question, "Must the confessions of the defendant introduced in evidence be considered against him?" by replying, "Yes, in connection with all the other evidence in the case."

There was no intimation of the court's opinion of the truth or falsity of the confession, or the guilt or innocence of the defendant in making such reply; nor any suggestion that the confession should be taken as true, but only that the jury should consider it as evidence in connection with all the other evidence in the case.

Some remarks of the prosecuting attorney, objected to, were invited, and were not more than a statement of his opinion from the evidence in the case, and others, upon being objected to, were withdrawn, and the jury

directed to disregard them, and no prejudice could have resulted to the defendant therefrom.

Finding no prejudicial error in the record, the judgment is affirmed.