## FEASTER *v.* STATE.

### Opinion delivered October 31, 1927.

1. CRIMINAL LAW—LIABILITY OF ACCESSORY.—An accessory cannot be guilty if the principal is not guilty, and he can be guilty of no other or higher grade of crime than that of which the principal is also guilty.

2. CRIMINAL LAW—ACCESSORY BEFORE THE FACT.—The offense of an accessory before the fact may be included in the crime of which the principal is guilty.

3. CRIMINAL LAW—ORDER OF TRIAL OF ACCESSORY.—Where principals charged with murder were present and ready for trial, and the State was also ready for trial, and no reason was assigned for trying defendant charged with being an accessory before the fact, before the principals were tried, denial of the defendant's motion to require the State to try the principals first *held* an abuse of discretion.

Appeal from Clark Circuit Court; *James H. McCollum,* Judge; reversed.

*Jones & Hibbler, R. W. Huie, Jr.,* and *McMillan & McMillan,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, C. J. Ida Feaster was indicted for being accessory before the fact to the murder of Elmo Hames, charged to have been committed by Charles Bell and Terrell Austin. A trial resulted in a verdict of guilty, and the jury fixed her punishment at imprisonment for life in the penitentiary. The case is here on appeal.

The first assignment of error is that the court erred in overruling the motion of the defendant to require the State to try the principals before forcing her to trial,

and in this contention we think counsel for the defendant are correct. At common law an accessory cannot be tried, without his consent, before the trial and conviction of the principal, unless they are tried together. 16 C. J. p. 141, par. 150 (2); and Brill's Cyclopedia of Criminal Law, vol. 1, par. 254, p. 455.

In this State the rule has been changed by statute, which provides that an accessory before or after the fact may be indicted, arraigned, tried and punished although the principal offender may not have been arrested and tried, or may have been pardoned, or otherwise discharged. Crawford & Moses' Digest, § 2314.

The statute serves a very useful purpose. The principal may have fled the State, and be beyond the jurisdiction of the court. He may have become insane, and for that reason the trial of his case be postponed. There might be other good reasons for a continuance of his case. In all of these contingencies the trial of the principal would be postponed through no fault or action on the part of the prosecution. In this connection it may be said that the accessory cannot be guilty if the principal is not guilty, and he can be guilty of no other or higher grade of crime than that of which the principal is also guilty. *Ray* v. *State*, 102 Ark. 594, 145 S. W. 881. This court has also held that, where the defendant is being tried as an accessory before the fact to the crime of murder. the State may prove the conviction of the principal. *Jones* v. *State*, 108 Ark. 447, 158 S. W. 132, and *Timer* v. *State*, 110 Ark. 251, 161 S. W. 195. Hence the offense of an accessory before the fact is included in the crime of which the principal may be guilty.

The holding in these cases shows that it is the better practice to try the principal before the accessory. Then, too, the defendant has some rights in the matter. In the case at bar the principals were indicted first. On March 14, 1927, at the term of the court at which she was tried, the defendant filed her motion to require the State to try the principals before the accessory. Charles Bell

and Terrell Austin, charged to be the principals, were present and ready for trial.  The defendant alleged that she was informed and believed that the State was ready for trial in the cases against the principals.  The deceased was found dead in his home, at eight o'clock in the morning on September 23, 1926.  It was the theory of the defendant that he committed suicide, and her defense was bottomed on that theory.  No reason was assigned for trying the accessory before the principals, and we can perceive none.  Under the circumstances we think the court abused its discretion in trying the accessory before the principals, and his action calls for a reversal of the judgment.

It is also earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict.  Inasmuch as the case may be further developed, and additional evidence may be secured before a retrial of the case, we refrain from discussing or determining this assignment of error.

Other assignments of error are urged for a reversal of the judgment, but, inasmuch as they are not likely to arise on a retrial of the case, we do not pass upon them.

For the error in refusing to grant the motion of the defendant to postpone the trial of her case until after the trial of the principals, the judgment is reversed, and the cause remanded for a new trial.