WILKERSON *v.* STATE.

4468                          206 S. W. 2d 758

Opinion delivered December 22, 1947.

*W. Harold Flowers* and *Z. Alexander Looby,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J. Information was filed by the prosecuting attorney against appellants, Albert Wilkerson and Willie Wilkerson, charging them with having committed the offense of murder in the first degree by shooting to death George Cletus Bryant and C. W. Winston.

A jury found appellant, Albert Wilkerson, guilty of murder in the second degree and left his punishment to the court. Appellant, Willie Wilkerson, was found guilty of voluntary manslaughter and his punishment fixed at imprisonment in the penitentiary for a term of two years. From judgment of the court sentencing Willie Wilkerson in accordance with the verdict, and fixing Albert Wilkerson's punishment at confinement in the penitentiary for a term of twenty-one years this appeal is prosecuted.

On February 9, 1947, George Cletus Bryant, C. W. Winston and Archie Bryant were driving, in what witnesses designated as a "jeep," along a public highway from Cornerstone to Altheimer in Jefferson county. Cletus Bryant held an appointment as deputy sheriff of Jefferson county. A sedan, driven by appellant, Willie Wilkerson, with appellant, Albert Wilkerson, his brother, also on the front seat, passed the "jeep" at a high rate of speed.

The occupants of the "jeep" pursued the sedan, passed it, and parked on the road in front of the sedan, which stopped also. Cletus Bryant and C. W. Winston got out of the "jeep" and went back to the sedan. Cletus Bryant was armed with a pistol, but Winston was unarmed. Bryant was a few steps ahead of Winston and when he came up to the car a colloquy between him and appellant, Willie Wilkerson, who was driving the car, ensued. Shots were fired by appellant, Albert Wilkerson, and by Cletus Bryant. Appellant, Willie Wilkerson, was slightly wounded, and Cletus Bryant and C. W. Winston both fell in the road mortally wounded, death of each of them occurring a short time afterwards.

It was the theory of the state that Cletus Bryant, being an officer, went to the car in which appellants were riding for the purpose of arresting the driver on account of the manner in which he had been driving, and that when he attempted to do this appellant, Albert Wilkerson, began firing the fatal shots before Bryant had made any demonstration with his pistol. The defense was that Bryant, without good cause, drew his pistol and began firing at Willie Wilkerson, whereupon appellant, Albert Wilkerson, in self-defense, and in defense of his brother, took his brother's pistol from under the "dashboard" of the car and fired on Bryant, and that Winston, being in line of fire, was unintentionally shot.

These grounds for reversal are urged by appellants:

1. That the information filed against them was invalid because it embraced the killing of two different persons.

2. That the court erred in permitting introduction of a card showing the appointment of Cletus Bryant as deputy sheriff.

3. That, since the evidence was insufficient to show guilt, the lower court erred in refusing to direct a verdict of not guilty.

4. That the lower court erred in instructing the jury as to the guilt of one who, though not inflicting the mortal blow, is present and aids, abets or encourages the commission of the offense.

1.

Section 3838, Pope's Digest, is, in part, as follows: "The offenses named in each of the subdivisions of this section may be charged in one indictment. . . . The homicide of several persons, when committed by the same person or persons, at the same time or in furtherance of the same criminal design." It is conceded that Bryant and Winston were both shot and killed at the same time, and that the shots were fired by appellant, Albert Wilkerson. The lower court therefore did not err

in refusing to quash the information because it embraced the killing of both Bryant and Winston.

## 2.

The sheriff of Jefferson county testified that he had appointed Cletus Bryant as a deputy sheriff, and he introduced in evidence, over the objection of appellants, a card on which the following appeared: "Pine Bluff, Ark. Jan. 1, 1947. Mr. Cletus Bryant has been commissioned as Special Deputy Sheriff [Signed] Garland Brewster, Sheriff Jefferson County. This Commission expires Dec. 21, 1948." Blank line, presumably for identifying signature of appointee, appeared at one end of card.

Appellants urge that under the provisions of § 11815, Pope's Digest, the appointment of a deputy sheriff must be " 'in writing under the hand of the sheriff, and shall be filed and recorded in the Recorder's Office in the County'." There is no proper showing in this case that Bryant's appointment was not actually made, and evidence thereof recorded, as required by statute. The sheriff testified that he had appointed Bryant and the signed card was merely supplemental to his testimony. The proof was sufficient to show *prima facie* that Bryant had sufficient reason to assume that he had been appointed deputy sheriff and had authority to make an arrest for a violation of traffic law. Appellant, Willie Wilkerson, according to his own testimony, had concluded that Cletus Bryant was in fact an officer and was preparing to submit to arrest when the shooting started. Under this proof, no prejudice to appellants could have arisen from the introduction of this card.

## 3.

It is next argued on behalf of appellants that the evidence was insufficient to support a verdict of guilty as to either of them. There was testimony of a substantial nature from which the jury was justified in finding that appellant, Albert Wilkerson, began firing at the two slain men before any hostile demonstration had been

made against either of appellants, and that his action sprang, not from an honest belief that it was necessary to use his weapon in necessary self-defense or defense of his brother, but from resentment at the car being stopped or from a desire to prevent the arrest of his brother by Bryant, who, according to the testimony of appellants themselves, informed them, when he went to the car, that he was an officer. This finding of the jury is of course binding on us.

While there is no proof of words or overt acts on the part of appellant, Willie Wilkerson, to establish his guilty concert in the crime, it was shown by the state's testimony that, before Cletus Bryant drew his pistol or fired it, this appellant, sitting beside appellant, Albert Wilkerson, allowed Albert to take his (Willie's) pistol and begin shooting. This fact and other circumstances shown were sufficient to authorize the jury to infer that he was actively consenting to and aiding in the criminal acts. *Hunter* v. *State,* 104 Ark. 245, 149 S. W. 99.

## 4.

Appellants do not contend that the lower court, when formally charging the jury, did not give a correct instruction as to the meaning of "aiding and abetting" so as to enable the jury to determine properly the responsibility of appellant, Willie Wilkerson; but they argue that error was committed by the lower court when the jury, during their deliberations, returned to the courtroom for further instructions as to this phase of the law. We have examined the transcript of what was said by the court in response to questions by a member of the jury and we do not find that the court made any erroneous statement of the law at that time.

There are many other assignments of error in the motion for new trial. We have carefully considered all of these assignments and conclude that none of them should be sustained.

The judgments appealed from are affirmed.