# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

### FLETCHER *v.* STATE.

### Opinion delivered December 5, 1910.

1. LARCENY—ALLEGATION OF OWNERSHIP.—In indictments for larceny.the allegation of ownership of the property is always material. (Page 3.)

2. SAME—DESCRIPTION OF PROPERTY.—Allegations in an indictment for larceny of a hog which described the marks of the hog are material. (Page 3.)

3. SAME—SUFFICIENCY OF EVIDENCE.—A conviction of larceny may be based on either direct or circumstantial evidence, provided it establishes defendant's guilt beyond a reasonable doubt. (Page 4.)

4. SAME—INSTRUCTIONS AS TO WEIGHT OF EVIDENCE.—It was error in a larceny case to charge in effect that it was only necessary for the State to produce the best evidence that, under the circumstances of the case, was obtainable in order to prove the ownership and identity of the property. (Page 4.)

5. TRIAL—INSTRUCTION—INVASION OF JURY'S PROVINCE.—It is an invasion of the jury's province, in a criminal case, to tell them that it is only necessary for the State to introduce such testimony at its command as was best attainable, or best possible. (Page 5.)

Appeal from Bradley Circuit Court; *H. W. Wells,* Judge; reversed.

*James C. Knox,* for appellant.

1. In an indictment for larceny, allegations of ownership are material and must be proved as alleged. 73 Ark. 32. The proof is not sufficient to fix the ownership of the hog in the prosecuting witnesses.

As to the mark, while it might not have been necessary to allege it in the indictment, yet, since the State elected to allege it, it became material, and must be proved as laid. 31 Ark. 49. See also 13 Ark. 168; 62 Ark. 538; 61 Ark. 15; 73 Ark. 169.

2. The first and third instructions were misleading, and invaded the province of the jury.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The court properly instructed the jury that the ownership and description of the animal were material allegations. The jury, under evidence which was not direct and positive, but legally sufficient, have found appellants guilty. The verdict should stand. 126 S. W. 843.

2. The first and third instructions were not prejudicial. The State was not required to produce any stronger evidence than was physically possible, and the instructions did not attempt to tell the jury what weight to give to the testimony.

FRAUENTHAL, J. This is an appeal prosecuted by the appellants from a judgment convicting them of the crime of grand larceny. The indictment upon which they were tried charged that they "unlawfully and feloniously did, with the felonious intent to steal, take and carry away and kill one hog, the property of R. S. Jolly and R. J. Berryman, said hog being marked two splits in left ear and underslope in right ear." The testimony on the part of the State tended to prove that R. S. Jolly and R. J. Berryman owned a number of hogs which were accustomed to range in what was called the "bottom," and within about a mile of where appellants lived. In December, 1909, they found a hog in said "bottom" which had been recently shot and killed, and which they believed was owned by them. It was a black and white spotted barrow with wattles and weighed from 125 to 130 pounds. Both ears were cut off to such an extent that it was impossible to tell whether or not the ears of the hog had been marked, and, if so, the character of such mark. The mark which said Jolly and Berryman used in marking hogs owned by them was of the character set out in the indictment.

The appellants admitted that they shot the hog thus found by Jolly and Berryman, but they claimed the ownership thereof; and there was some testimony to prove that they owned hogs of the same size and color, and that their hogs ranged in the locality where this hog was found.

Both Jolly and Berryman testified that they did not know to whom the hog thus found by them belonged, but that they believed it belonged to them on account of its color, size and wattles and a small part of the mark remaining on one ear.

They were asked: "Q. Do you know of your own knowledge whose hog this was that you found in the woods?" Both of them in effect answered: "No, sir; I couldn't swear to it. I just believe it was mine (ours) from the circumstances."

The court gave among other instructions the following to the jury:

"1. You are instructed that the State, in offering proof of identification of the property and its ownership, is only required to produce the best obtainable evidence at its command, after showing a proper excuse for not showing a more particular description of the same. So, in this case, if you believe from the evidence that the defendant, or any other person, without the knowledge or consent of the owners, destroyed the earmarks of the hogs by mutilation or other means so as to prevent a more perfect description of the same, then the State may, in its proof to establish the identity of the hogs alleged to have been killed with the intent to commit a larceny, prove the flesh marks, age, size, weight, color and all other circumstances attending and coupled with the killing of the hog, including the conduct and actions of the defendants or either of them, together with their declarations or admissions, connected with the transaction."

In the indictment upon which this conviction was based there are, among other allegations, two that were material, and which should have been proved as alleged beyond a reasonable doubt. In indictments for larceny the allegation of ownership is always material, and must be proved by sufficient evidence as alleged, or the conviction cannot be supported. *Blankenship* v. *State,* 55 Ark. 244; *McCowan* v. *State,* 58 Ark. 17; *Merritt* v. *State,* 73 Ark. 32. In this indictment there were also made allegations descriptive of the property charged to have been stolen. While such descriptive allegations of the property are unnecessary, yet when they are made in indictments for larceny it is essential that they be proved by sufficient evidence in order to justify a conviction. *Starchman* v. *State,* 62 Ark. 538; *Marshall* v. *State,* 71 Ark. 415. It was therefore necessary in this case, before the jury were warranted in finding the defendants guilty of the crime charged against them, for the State to have proved by evidence beyond a reasonable doubt that the hog alleged in the indictment to have been stolen was the property

of said Jolly and Berryman, and was marked as therein set out. This proof could be made by direct and positive testimony or by circumstantial evidence. *Smith* v. *State,* 91 Am. St. Rep. 21; *Randolph* v. *State* (Tex.), 49 S. W. 591. But, whether made by the one or by the other character of evidence, it was necessary that such testimony should have been sufficient to have proved these two allegations of the indictment beyond a reasonable doubt; and it was the sole province of the jury to determine the weight and effect of such testimony.

By the above instruction the court in effect told the jury that it was only necessary to produce the best evidence that, under the circumstances of the case, was obtainable in order to prove the ownership of the property and the identity of it as described in the indictment. From this the jury could have readily understood that, although the testimony introduced at the trial was not sufficient to prove beyond a reasonable doubt the ownership of the property and its descriptive identity as alleged in the indictment, nevertheless, inasmuch as the testimony that was adduced was the best that under the circumstances was obtainable, it was sufficient. Thus the court in effect instructed the jury as to the weight that should be given by them to the testimony that was introduced at the trial. The jury were the sole judges of whether or not this testimony was sufficient to prove the truth of these allegations of the indictment beyond a reasonable doubt; and it was necessary that to them the testimony should have had that amount of probative force before they were warranted in convicting the appellants. The instruction was therefore misleading, and was highly prejudicial. While the testimony of the witnesses on the part of the State as to the size and color of the hog found by them and of the attending circumstances might be sufficient to prove beyond a reasonable doubt the ownership thereof and that it had been marked as alleged in the indictment before the ears were cut off, yet it was requisite that the jury should have made such findings from the testimony itself that was introduced, and not because such testimony was only of a character that was the best obtainable. The verdict should have been based solely on the testimony, of the strength and sufficiency of which the jury were the exclusive judges, and not upon any supposed weakness

or want of such testimony, no matter what may have been the excuse therefor.

We are also of the opinion that instruction number 3 given on behalf of the State was erroneous. It is in many respects similar in its effect to the instruction above set out, and it invaded the province of the jury. It was correct to tell the jury that the ownership of the property and its identity as alleged in the indictment could be established by circumstantial evidence, but the court invaded the province of the jury to determine the probative force of such testimony by telling them in effect that it was only necessary for the State to introduce such testimony "at its command as was best obtainable or best possible." While the allegations of the ownership of the hog and its descriptive identity could be established by circumstantial evidence, it was the sole province of the jury to determine whether the character of the evidence that was actually adduced was sufficient to prove these allegations beyond a reasonable doubt.

For the error in giving said instructions the judgment is reversed, and the cause remanded for a new trial.