### Sanders *v*. State.

Opinion delivered November 23, 1914.

FORMER ACQUITTAL—CRIMINAL PROSECUTION—SALE OF LIQUOR.—A conviction in the circuit court for the commission of the crime of receiving and soliciting an order for whiskey on a certain date is improper and the judgment will be reversed and dismissed when it appears that defendant had been tried for the same offense before a justice, upon an information filed by the prosecuting at-

torney, and acquitted, the examination before the justice covering the year in which the crime mentioned in the indictment was charged to have been committed.

Appeal from White Circuit Court; *Eugene Cypert,* Special Judge; reversed.

### STATEMENT BY THE COURT.

Appellant was tried and convicted under an indictment charging him with the offense of soliciting and receiving an order for whiskey in White County, Arkansas. Proof was offered tending to support the allegations of the indictment, which were substantially as follows: That on the 25th day of September, 1913, appellant unlawfully received from Mart Spurlin an order for one gallon of whiskey in White County, where it was unlawful to grant a license to make such sales, and that said order was transmitted from said Mart Spurlin to the place of business of H. C. Sanders, who was a licensed liquor dealer in Newport, Arkansas, where the said H. C. Sanders filled it and shipped the whiskey by express to Mart Spurlin at Searcy, Arkansas, where it was received by the said Mart Spurlin.

A demurrer to the indictment was overruled, and upon his trial appellee was convicted and fined $200, and he has duly prosecuted this appeal.

There are several assignments of error, and among them, the court's failure to sustain a plea of former acquittal. The evidence on this point is, that on the 15th day of December, 1913, J. N. Rachels, prosecuting attorney, filed an information with W. E. Harlin, a justice of the peace, charging appellant with having solicited and received an order for intoxicating liquor in Searcy, White County, Arkansas, on or about the 1st day of October, 1913. The case was tried before S. H. White, another justice of the peace, upon a change of venue, and appellant was acquitted. A transcript of the proceedings had before the justice of the peace was introduced in evidence, and the justice of the peace who tried the case testified that at the trial before him the State of

Arkansas was represented by J. N. Rachels, the prosecuting attorney; that the investigation of such charge was not confined to any particular person or any particular date, but covered the full period of twelve months prior to the filing of the affidavit; that there were so many witnesses put upon the stand that he did not remember who all of them were. This evidence appears to be undisputed, and one of the material witnesses in the trial before the justice of the peace was T. N. Sanders, a brother of appellant; and the evidence at the trial below, from which this appeal is prosecuted, was that the order, for the receipt and transmission of which appellant was convicted, was made through the instrumentality of T. N. Sanders.

At the trial in the court below, appellant asked, among others, instruction numbered 10, which reads as follows:

"The jury are instructed that if you find from the evidence that defendant was arrested in White County, Arkansas, on the 15th day of December, 1913, charged with the same offense contained in the indictment, and on said trial the defendant was acquitted, then said acquittal would be a bar to this prosecution and you will find the defendant not guilty."

The Attorney General has confessed error.

*S. Brundidge,* for appellant.

The plea of former acquittal ought to have been sustained under the proof.

It can not be denied that, under the broad charge contained in the information presented in the justice of the peace court, the State had the right to prove by witnesses the soliciting or receiving of any order for intoxicating liquor at any time during a period of twelve months prior to the date charged; and the evidence is uncontradicted that in the trial the State did not elect to stand upon any particular date, but the whole period of twelve months was covered by the evidence. 43 Ark. 70; 126 Mass. 259; 94 Ark. 212.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee; *Edward B. Downie,* of counsel.

The court erred. The plea of former acquittal should have been sustained. 94 Ark. 212; 110 Ark. 44.

SMITH, J., (after stating the facts). The confession of error must be sustained, and the judgment must not only be reversed, but the cause must be dismissed. As appears from the statement of facts, the undisputed evidence is that appellant was tried before a justice of the peace, and in the attempt to secure a conviction there the proof on the part of the State covered a whole year, and there was no attempt made to limit it to any particular sale or transaction, and there is no intimation that the prosecution before the justice of the peace was not conducted vigorously and in entirely good faith. The State is not required, in prosecutions of this character, to limit its proof, in the attempt to secure a conviction, to any particular order, providing such proof may not extend to a period of time more than one year prior to the date of the prosecution. The rule in such cases is well stated in the case of *State* v. *Lismore,* 94 Ark. 212, where it was said:

"In the case in which appellant was charged with keeping a bawdy house by the information filed before a justice of the peace, the State could have shown, if it had sufficient evidence, that the offense was committed within twelve months before the 6th day of July, 1909, the date of the filing of the information, and for that purpose could have adduced all the evidence of the commission of such offense within that time, and relied upon the whole proof for a single conviction. In that case the appellant could have been convicted of any one of the offenses proved, if any; and such a conviction would be a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the information in the first case."

Here a conviction might have been had under evidence heard by the justice of the peace, and the confession of error will be sustained and the judgment reversed and the cause dismissed.