### BECK *v.* STATE.

### Opinion delivered December 8, 1919.

1. CRIMINAL LAW—EVIDENCE OF FORMER CONVICTION.—In a prosecution for selling intoxicating liquor, the fact that in a former prosecution for selling intoxicating liquor at another time and place the principal witness was cross-examined as to the sale which is the basis of the present indictment is no bar to this indictment where the sale which forms the basis of the present charge was not made an issue in the former trial.

2. CRIMINAL LAW—BURDEN OF PROOF OF FORMER CONVICTION.—A defendant who sets up former conviction as a defense to a charge of selling intoxicating liquor has the burden of proving that the sale which is the basis of the charge in the subsequent prosecution was made an issue in the former trial.

3. CRIMINAL LAW—HARMLESS INSTRUCTION.—An instruction on the subject of former conviction was harmless, if erroneous, where there was not sufficient evidence to warrant submission of the question of former conviction.

4. CRIMINAL LAW—HARMLESS EVIDENCE.—In a prosecution for the offense of selling intoxicating liquor, where defendant pleaded former conviction, evidence of jurors in the former trial that they never considered the sale which is made the basis of the present charge was harmless where there was not sufficient evidence to warrant submission of the question of former conviction.

5. CRIMINAL LAW—EVIDENCE OF JURORS AS TO FORMER CONVICTION.— In a prosecution for selling intoxicating liquor, where defendant pleaded a former conviction, evidence of jurors in the former trial that they had not considered the sale which formed the basis of a subsequent prosecution was incompetent, as it was unimportant what the jury actually considered.

6. INTOXICATING LIQUORS—EVIDENCE OF SALE.—Where the prosecut-. ing witness laid money upon the counter, followed defendant into a back room, took a bottle of whiskey out of a barrel or box upon defendant lifting the lid thereof, and left the store taking with him the liquor and change which he found upon the counter, there was a "sale" of the liquor.

7. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Where one person gave another money to buy whiskey, and the latter procured the whiskey and delivered it to the former, the latter was an accomplice of the seller unless he acted only as agent of the buyer, and his testimony is not sufficient to convict unless corroborated.

8. CRIMINAL LAW—REFUSAL TO INSTRUCT AS TO TESTIMONY OF ACCOMPLICE.—In a prosecution for sale of intoxicating liquor where there was evidence tending to prove that the prosecuting witness was an accomplice, the court's refusal to instruct that there could be no conviction on such testimony if he was an accomplice unless he was corroborated by other testimony *held* reversible error.

9. CRIMINAL LAW—EVIDENCE OF OTHER SALES.—In prosecution for selling intoxicating liquor evidence as to sales made many years before the sale upon which the prosecution is based was incompetent, being too remote.

10. CRIMINAL LAW — INCOMPETENT EVIDENCE — INVITED ERROR.—In a prosecution for selling intoxicating liquors, where defendant, in response to a question by his counsel, stated that he had never at any time sold whiskey, the admission of testimony on behalf of the State as to sales made many years previously was error invited by defendant.

Appeal from Logan Circuit Court; *James Cochran,* Judge; reversed.

*Evans & Evans,* for appellant.

1. The court erred in giving the instructions for the State and in refusing those asked for defendant as to the plea of former conviction. The court virtually by its charge cut off the plea of former conviction. Art. 8, § 2, Const. 1874; 2 Wharton, Cr. Ev. (10 Ed.), § 578, pp. 1187-8; *Id.* secs. 580-1; 43 Ark. 68; 3 Gr. Ev. § 36; 65 Ark. 38; 72 *Id.* 419; 115 *Id.* 376; 130 *Id.* 325; 45 L. R. A. (N. S.) 977.

2. The general rule is that a conviction or acquittal for unlawfully selling intoxicating liquors bars a prosecution for any sale to the same person for which a con-

viction might have been had under the indictment, but that if the sales constitute separate and distinct offenses, conviction or acquittal of the one will not bar a subsequent prosecution for a prior sale. 92 Ala. 64; 53 Ga. 448; 21 Am. Rep. 269; 114 Ga. 265; 48 S. E. 234; 72 Ark. 419; 43 *Id*. 68; 65 *Id*. 38; 110 S. W. 918.

3. The testimony of the jurors on the former trial was not competent and it was error to admit their testimony. 29 Ark. 293; 59 *Id*. 132; 130 *Id*. 48; 127 *Id*. 254; 37 *Id*. 519; 70 *Id*. 244.

4. It was error to admit testimony as to sales twenty years ago. Jones on Ev. §§ 143-5; 54 Ark. 621; 93 *Id*. 260; 59 *Id*. 431. See also 135 Ark. 159.

5. Tate was an accomplice and it was error to refuse the instruction as to the necessity of corroboration. 90 Ark. 579; 45 *Id*. 361. See also 214 S. W. 36; 129 Ark. 106.

6. It was error to give instruction No. 3 on the court's own motion. 90 Ark. 579; 22 *Id*. 336; 50 *Id*. 305; 43 *Id*. 99.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. Since no proof of the sale made in the Central Drug Store was made on the former trial, defendant could not plead former jeopardy.

2. The argument of the prosecuting attorney if improper did not entitle defendant to plead former conviction because not based upon any evidence or proof that defendant sold whiskey to the prosecuting witness at the Central Drug Store, and there was no need to submit the plea of former conviction to the jury and the demurrer of the State should have been sustained. The testimony in the former trial was introduced by defendant himself on cross-examination of Powell. 72 Ark. 419; 115 *Id*. 376.

There was no error in the instructions. 70 Ark. 74; 108 *Id*. 87; 110 *Id*. 432; 113 *Id*. 68.

3. There was no error in permitting jurors to testify, as no objections were made and the question can not be raised here for the first time.

4. Powell was not an accomplice. He was the purchaser and a principal, if guilty. 214 S. W. 36 is not in point.

5. No error in giving instruction No. 3 for the State. It was the duty of defendant to ask an instruction to cover the point and failing he can not complain. 114 Ark. 398.

McCULLOCH, C. J. This an appeal from a judgment of conviction of the offense of selling intoxicating liquor. Three indictments were returned against appellant at the August, 1918, term of the Logan Circuit Court, each charging the offense of selling whiskey. One of the cases was tried at that term of court and the trial resulted in appellant's conviction and sentence to the penitentiary. The present case was tried on one of the indictments at the August term, 1919. Appellant entered a plea of former conviction, as well as a plea of not guilty. To sustain the plea of former conviction, appellant attempted to show in the trial of the present case that the alleged sale on which the State relies in the present case for a conviction was made an issue in the trial of the other case at the August term, 1918.

The sale of whiskey charged in each of the indictments is shown to have been made to Ernest Powell, who was the principal witness in each of the trials. Powell testified that in each of the cases he purchased whiskey from appellant. In the present case the State relies on an alleged sale made by appellant to Powell at a drug store on a certain occasion. The other sales were made at another place.

The contention of appellant is that, although the State, in the former trial, first sought to convict appellant on proof of another sale, there was an issue introduced before the trial was completed concerning the sale at the Central Drug Store, which is the basis of the pres-

ent trial. The testimony tends to show that a sale of whiskey was made by appellant to Powell at the Central Drug Store, in Booneville, on or about April 17, 1918, and was sufficient to warrant the jury in so finding. Appellant was, according to the testimony, accustomed to stay in and about the Central Drug Store at that time. Powell testified, in substance, that he met Mathew Williams on the street in Booneville and that Williams requested him to get some whiskey for him, and gave him a five-dollar bill to use in buying the whiskey; that he took the money from Williams, went to the Central Drug Store and accosted appellant on the subject of buying some whiskey; and that appellant replied, saying: "I might find some." He testified that appellant led him through the storeroom into a back room and lifted the lid of a barrel or box, and that witness looked into the barrel or box, and, seeing bottles of whiskey there, took out a bottle and carried it away with him. He testified that when he accosted Beck at the counter in the drug store he laid the five-dollar bill down on the counter near the cash register, or that he gave it to Beck and that Beck laid it down on the counter, and that when he returned from the back room he found $1.50 in change where he had previously left the five-dollar bill. He testified that he returned the whiskey and $1.50 in change to Williams. Williams testified that he met Powell on the street and asked him to get whiskey for him and that he gave him a five-dollar bill, but his statement is that Powell never brought him the whiskey nor returned him his money, but came back a little later and told him that he had not been able to get any whiskey. Appellant denied that he had sold whiskey or had anything to do in procuring it for Powell.

Appellant introduced the record of the former trial in which appellant was convicted at the August term, 1918, of selling whiskey, and in order to show that the sale to Powell at the Central Drug Store was an issue in the former trial, Judge Evans, one of the attorneys for appellant, was introduced as a witness and testified that

on the former trial he interrogated Powell on cross-examination as to his testimony in the mayor's court in which he had stated that he bought whiskey from appellant at the Central Drug Store, and that Powell admitted that he had so testified in the former trial. This examination, Judge Evans said, was for the purpose of impeaching Powell by showing contradictory statements, and that was the only attempt to show that there was any testimony introduced at the former trial concerning the sale at the drug store.

In the closing argument the prosecuting attorney referred to the testimony drawn out by Judge Evans and stated to the jury that, no matter what the jury might think about the other alleged sale, counsel for appellant had drawn into the case the alleged sale in which Williams was interested, and that appellant had not been called as a witness to testify about it, and that the jury should convict on that, if nothing else. Judge Evans' testimony on the subject is, according to appellant's own abstract, as follows:

"The State did not ask Powell about the alleged sale made to him in which Mathew Williams was a witness, but on cross-examination I asked Powell about that for the purpose of showing that he had sworn before the mayor about that sale and had sworn in that examination that he had had nothing to do with any liquor bought from Beck at any other time. I drew that out on cross-examination and did not put Mr. Beck on the witness stand to deny it. In the concluding argument to the jury, Mr. Wofford, who represents the State, said to the jury in arguing the case: 'No matter what you think about these alleged sales on the night that Buster Kersey was at the restaurant with Powell,' that I had drawn into the case this alleged sale in which Mathew Williams was in interest, and that the defendant Beck did not deny it and Williams had not been called to testify about it and the jury could convict on that and nothing else, and it went to the jury that way, and the jury convicted Beck. These three sales that Powell testifies about here were all be-

fore the jury in that case. The State did not elect any special case to rely upon, but relied upon these three sales and got a conviction in that case.' ''

It is conceded that Judge Evans' narrative is correct as to the manner in which, and the purpose for which, he drew out this testimony from Powell on the former trial, but there is a slight difference between his testimony and that of the prosecuting attorney as to the precise language used by the prosecuting attorney in his argument. Of course, those differences might have been settled by the jury, but we are of the opinion that, accepting the version of Judge Evans as correct, it did not make out a case of former conviction. The rule on this subject is clearly stated by Chief Justice COCKRILL in the case of *State* v. *Blahut*, 48 Ark. 34, as follows:

''Each sale of liquor by the defendant to the minor was a separate offense, and there could be as many convictions as there were sales made. (*Emerson* v. *State*, 43 Ark. 372.) It is true the State may preclude the possibility of more than one conviction, even where there have been many sales, by taking a wide range in the proof, putting all the guilty sales in evidence, and relying upon the whole proof for a single conviction. In that case the defendant can be convicted upon the proof of any one of the sales made within a year of the finding of the indictment, and it is the established rule that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the indictment in the first case.''

This rule was followed in more recent cases. *Briant* v. *State*, 72 Ark. 419; *Sanders* v. *State*, 115 Ark. 376.

The burden was on appellant to show that the sale which forms the basis of the present charge was made an issue in the former trial. We do not think that the testimony shows that such an issue was made. There was no testimony at all as to that sale in the former trial. The witness, Powell, was merely interrogated on cross-examination as to what he had testified in the mayor's

court about the sale for the purpose of contradiction, and a verdict of conviction for that sale would have been without evidence to sustain it. It is only where, in such cases, there is evidence introduced for the purpose of sustaining the charge that the judgment either for conviction or acquittal operates as a bar to further prosecution. *Turner* v. *State,* 130 Ark. 48; *Larkin* v. *State,* 131 Ark. 445.

Conceding that Judge Evans was correct in his statement concerning the remarks of the prosecuting attorney, they were not sufficient to introduce the sale now in question as an issue in the former trial, and, at most, the remarks of the attorney merely constituted error which should have been corrected in that case, and cannot be taken advantage of in the present case as a former adjudication of the issues now presented in this case.

Objection was made to an instruction given on this subject, but since we hold that there was not sufficient evidence to warrant a submission of the question of former conviction, no prejudice resulted from the instruction alleged to be erroneous.

The same may be said with reference to the introduction of some of the jurors in the former trial to prove that they had not considered in that case the sale made at the Central Drug Store. This testimony was not competent for the reason that it was unimportant what the jury actually considered in the case, but the testimony could not have been prejudicial inasmuch as it only related to the plea of former conviction.

Error of the court is assigned in the giving of instruction No. 3 by the court, which reads as follows:

"If you should find beyond a reasonable doubt from the evidence that the witness, Ernest Powell, went into the Central Drug Store and laid down five dollars on the counter, followed the defendant into a back room, and there Beck raised up the lid of a barrel or box, and witness Powell got out of the barrel or box a pint of alcoholic liquor, and went back through the drug store and found a dollar and a half on the counter and picked it up

and went out carrying the liquor with him, the court tells you that would be a sale of liquor by Beck.''

Counsel have not shown in the argument in what respect the recital of facts in this instruction falls short of constituting a sale of whiskey by appellant, and we are unable to discover in what respect the elements of participation in a sale are lacking.

Counsel for appellant requested the following instruction, which the court refused to give:

''If witness Williams gave witness Powell five dollars with which to procure intoxicating liquors and witness Powell took the money and procured the liquor and returned it to Williams, he himself was guilty of the sale, unless Powell acted only as the agent of the buyer. If the witness Powell was interested in the alleged sale which is made the foundation of this prosecution, other than as agent of the buyer, he is an accomplice, and defendant cannot be convicted unless his testimony is corroborated by other testimony and the corroboration is not sufficient to convict if it only shows the commission of the offense and the circumstances thereof.''

No other instruction submitting the question of Powell being an accomplice was given. It is the conclusion of the majority of the court that this instruction should have been given, and that it was error to refuse it. The first sentence in the instruction was undoubtedly correct; that is conceded by the Attorney General. The last sentence was also correct, and should have been given, for the circumstances proved in the case were sufficient to warrant the inference by the jury that Powell was a mere runner for appellant, and was in that way interested in the sale. It is unnecessary that it should have been a pecuniary interest, but if he was directly interested in helping appellant make the sale he was an accomplice, and there can be no conviction on his uncorroborated testimony. *Ellis* v. *State,* 133 Ark. 540. There was a sharp conflict between the testimony of Powell and Williams as to the former returning the whiskey and the balance of the money to Williams, and the jury might have rejected

the testimony of Powell as to his statement that he was not interested in the sale, and have drawn the inference from all the circumstances that he was soliciting for appellant. Appellant was entitled to an instruction on this subject; and, since no other instruction on the subject was given, the refusal of this one constituted prejudicial error which calls for a reversal of the judgment.

In view of another trial of the case, we mention another assignment of error which relates to the ruling of the court in permitting the State to introduce witnesses who testified to sales of whiskey made by appellant many years ago. The sales to which this testimony related were so remote in point of time that the testimony was incompetent, but it was invited by appellant himself, who, in response to direct questions propounded by his own counsel, stated that he had never at any time sold whiskey. It, therefore, presents a case of invited error.

The judgment is reversed for the error indicated, and the case remanded for a new trial.

HUMPHREYS, J., dissents.