EVERETT KING *v.* STATE OF ARKANSAS

5575                                                        465 S. W. 2d 712

Opinion delivered April 19, 1971

*Powell Woods,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged by information with two counts of possession of stolen property. The jury assessed his punishment at three years in the State Penitentiary on each count. From a judgment on that verdict comes this appeal.

Appellant, through his court-appointed trial counsel, contends for reversal that the evidence was in-

sufficient to establish that the automobile (one count in the information) was stolen. We must agree with the appellant. The owner of the automobile was alleged in the information. It was also alleged that the appellant possessed the car "with the unlawful and felonious intent then and there to deprive the true owner of its property." The State adduced evidence that the appellant was apprehended in possession of the vehicle as described in the information. However, the alleged ownership was never established. Ownership is a material element in the definition of the crime of possession of stolen property. Ark. Stat. Ann. § 41-3938 (Repl. 1964). The punishment is the same as in cases of larceny. Although an officer testified that the vehicle was reported stolen, there was no competent evidence establishing the ownership of the property. Since the alleged ownership in the information is a material and vital element in the alleged offense, we must hold that the evidence supporting this allegation was insufficient. See *Fletcher* v. *State*, 97 Ark. 1, 132 S. W. 918 (1910); *Sutton* v. *State*, 67 Ark. 155, 53 S. W. 890 (1899). Cf. *Rogers* v. *State*, (Ark. May 11, 1970) 453 S. W. 2d 393. The allegation of ownership permits an accused to make preparation for trial, to be confronted by the witness claiming ownership, and to be able to plead former acquittal or conviction should he ever again be accused of this same offense.

Appellant also contends for reversal that "without proof" as to the value of certain credit cards, there could be no conviction for the unexplained possession of them. There was evidence that appellant was found in possession of several credit cards. It is the State's theory, which was supported by the owner's testimony, that the various credit cards were of unrestricted value as to the amount that "might be collected thereon." See Ark. Stat. Ann. § 41-3906 (Repl. 1964). The appellant's theory is, however, there was no evidence that the value of the credit cards exceeded $35.00 or that he acquired any property in excess of $35.00 by using the credit cards. Therefore, at the most, he asserts that the alleged violation would be only a misdemeanor. We think that appellant was entitled to present to the jury his

theory of a lesser offense which is in accordance with our recent view in *Pierce* v. *State,* (Ark. Mar. 9, 1970) 451 S. W. 2d 219.

We have examined other contentions appellant urges for reversal and find them to be without merit.

Reversed and remanded.