Charles W. BOWLES *v.* STATE of Arkansas

CR 79-12                                     579 S.W. 2d 596

Opinion delivered April 9, 1979
(Division I)
[Rehearing denied May 21, 1979.]

*Ralph E. Wilson, Sr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Charles W. Bowles was the operator of a liquor store in Osceola. He was approached by Jerry Baker, of Fresno, California, an undercover agent employed by the Memphis, Tennessee Police Department. He used the name of a convict serving a 75 year sentence in the State of Tennessee, as a means of introduction to Bowles. After some discussion between the two as to how they could make some money in illegal activities, unrelated to controlled substances, Baker asked Bowles where they could buy large quantities of marijuana. Baker testified that Bowles gave him names of two persons in Wilson, one of whom was H. P. Cash. According to Baker, he went to the first person named by Bowles, but this person said that he did not have any marijuana. Baker later purchased a rather large quantity of marijuana from Cash. Cash was charged with delivery of a controlled substance and Bowles with being an accomplice to the delivery of a controlled substance. They were charged in the same information and the offenses were alleged to have occurred on the same date, December 14, 1977. Cash pleaded guilty, so Bowles was tried separately and found guilty. His first four points for reversal question the sufficiency of the evidence to sustain the conviction. Since we find it insufficient, we reverse the judgment, but will not discuss the remaining point for reversal.

The particulars of the charge against Bowles were stated thus:

The said Defendant Charles William Bowles on/or about the 14th day of December, 1977, in the Osceola District of Mississippi County, Arkansas, did unlawfully, with the purpose of promoting or facilitating the commission of the offense of delivery of marijuana, solicit, advise, encourage the Defendant Horace P. Cash or aid, agree to aid or attempt to aid Horace P. Cash in the planning and committing of the crime of delivery of a controlled substance, marijuana, in violation of Ark. Stat. 41-303 ***

Insofar as applicable, Ark. Stat. Ann. § 41-303 (Repl. 1977) provides that a person is an accomplice of another in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he solicits, advises, or encourages the other person to commit it, or aids, agrees to aid or attempts to aid the other person in planning or committing it.

Viewing the evidence in the light most favorable to the state, it showed that:

After getting Cash's name from Bowles, Baker took a note introducing him to Cash and talked to Cash about buying large quantities of marijuana. Baker told Cash that Bowles had sent him to see Cash. Cash told Baker to check back with him. Later Baker was told by Cash that Cash had checked him out and he was all right. Cash said that he was going to get a sample of marijuana for Baker to show to people who were prospective purchasers. Baker then, by a telephone call, arranged with Cash for a meeting on December 13, 1977 at Bowles' liquor store to pick up the sample. When Baker was a little late arriving, he saw Cash pulling out of the parking lot at Bowles' liquor store. Cash made a gesture directing Baker to follow him. Baker did follow Cash into a residential area, where Cash pulled his car over and Baker went up to Cash, talked a few minutes, obtained the sample and arranged to meet Cash in Wilson at 11:30 p.m. the next night. They actually met at about 1:00 a.m. and Cash gave Baker fifty pounds of

marijuana in exchange for $3,750. Baker had no contact with Cash prior to Bowles' introduction. Two days after the purchase, Baker went to Bowles' liquor store, on December 16, told Bowles that he had bought the marijuana and made a little money off it, and offered Bowles $100. Bowles declined the offer, saying that he had done what he did as a favor and that Baker had then established a good contact. Baker and Bowles then had a conversation about selling a stolen automobile. Bowles gave Baker the name and address of a man who was interested in buying stolen automobiles. Baker had no conversation with Bowles between the time he first met Cash and the time of the purchase of the marijuana. Bowles was not involved in the transaction except for the introduction. Baker had no knowledge that Bowles knew of the sale of the marijuana when Baker offered him $100.

Cash checked Baker out by asking Bowles if Baker was all right, i.e., if it was safe to do business with him. Cash said that all that Bowles did was introduce Baker and assure Cash that it was safe to do business with Baker. There was no testimony that anyone paid Bowles any money in connection with the sale and delivery.

In *Henderson* v. *State*, 255 Ark. 870, 503 S.W. 2d 889, we were faced with the question whether a witness was an accomplice of one charged with the delivery of a controlled substance. In holding that he was not, we said:

There is some apparent conflict in the authorities from other jurisdictions as to whether one who recommends, or directs a purchaser to, a seller of illicit drugs is an accomplice of the seller. In Arkansas, an accomplice, under the statute forbidding conviction of a felony on uncorroborated testimony of an accomplice, is one who could be convicted of the offense of which the defendant is charged. *** In *Rich* v. *State*, 176 Ark. 1205, 2 S.W. 2d 40, we held, upon the authority of *Wilson* v. *State*, 124 Ark. 477, 187 S.W. 440, that one who assists a purchaser in buying intoxicating liquors and confines his participation in the transaction exclusively to the

buying, not the selling, is not guilty of the offense, and not an accomplice. *** We have also held that one who was employed as a laborer in the operation of a whiskey still and was an accomplice in its operation and in manufacturing liquor, was not an accomplice of his employer in the possession of the still, because he could not be convicted of the crime of possessing a still, either as a principal or accessory. *** In *Beck* v. *State,* 141 Ark. 102, 216 S.W. 497, we held that one who acted only as the agent of the buyer of intoxicating liquors and had no other interest in the sale, was not an accomplice of the seller. So long as one acts solely on behalf of the purchaser, he is not an accomplice of the seller. *** [Citations omitted.]

Under the same rationale, other jurisdictions have held that a "facilitator" of a sale of illicit drugs is not an accomplice of the seller, so long as he is interested only on behalf of the buyer. See *U.S.* v. *Moses,* 220 F. 2d 166 (1955); *People* v. *Branch,* 13 App. Div. 2d 714, 213 N.Y.S. 2d 535 (1961); *Commonwealth* v. *Harvard,* 356 Mass. 452, 253 N.E. 2d 346 (1969); *People* v. *Lindsey,* 16 App. Div. 2d 805, 228 N.Y.S. 2d 427, aff'd 12 N.Y. 2d 958, 238 N.Y.S. 2d 956, 189 N.E. 2d 492 (1963). These holdings are more compatible with our general test of the status of a witness as an accomplice and with our cases relating to dealing in intoxicating liquors than decisions in jurisdictions holding to the contrary.

This case was decided before Ark. Stat. Ann. §41-303 was adopted. Although the coverage of this statute may be slightly broader than former Ark. Stat. Ann. § 41-119 (Repl. 1964), defining an accessory before the fact, changes in the pre-existing law wrought by the new one do not materially affect what we had to say in *Henderson,* at least as it applies to this case. The strongest evidence that Bowles solicited, advised or encouraged Cash to commit the crime was Cash's testimony that Bowles advised him it was safe to do business with Baker. There is nothing more than a suspicion that Bowles aided Cash in the transaction. We do not consider this sufficient evidence to show that Bowles was not acting

only on behalf of the purchaser, or in his interest, as the "facilitator" of the sale of marijuana.

Since we find the evidence insufficient to support the verdict, we must dismiss the charge in order to prevent placing appellant in double jeopardy. *Pollard* v. *State*, 264 Ark. 753, 574 S.W. 2d 656 (1978).

The judgment is reversed and the case dismissed.

We agree. HARRIS, C.J., GEORGE ROSE SMITH and PURTLE, JJ.