Gary YENT *v.* STATE of Arkansas

CA CR 83-94                                660 S.W.2d 178

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1983

*Law Offices of W. B. Putman,* by: *E. E. Maglothin, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was charged as principal and convicted by jury verdict on the charge of possession of a controlled substance with intent to deliver. He was sentenced to ten years in prison, and on this appeal his sole argument for reversal is that the state failed to produce any evidence that he ever actually or constructively possessed a controlled substance.

It was not essential that the state prove possession by appellant, inasmuch as possession by appellant's accomplices was shown.

Appellant and his wife, Glenda Yent, agreed to sell twenty-five pounds of marijuana to Leon Dale Best, an undercover officer. Appellant and Officer Best agreed on the price, and appellant made arrangements for the two to meet at a designated cafe in a nearby town for delivery of the marijuana. Officer Best and appellant met Glenda Yent and three other persons at the cafe. The marijuana was in green trash bags in the back seat of the vehicle in which Glenda Yent and the three other persons arrived. After observing the marijuana, some of which was bagged and some loose, Officer Best placed everybody under arrest. Appellant argues that he was never in possession of the marijuana, actually or constructively, and prior to 1975 his argument would have been convincing. In *Jones* v. *State,* 108 Ark. 447, 158 S.W. 132 (1913), it was held that an accessory had to be indicted as an accessory, and not as a principal offender. That rule was changed by Act 149 of the Acts of Arkansas for 1975, which now appears as Ark. Stat. Ann. § 41-302 (Repl. 1977), and Act

280 of the Acts of Arkansas for 1975, which now appears as Ark. Stat. Ann. § 41-303 (Repl. 1977).

Section 41-302, *supra,* provides that a person is criminally liable for the conduct of another person when he is an accomplice of another person in the commission of an offense. Section 41-303, *supra,* provides that a person is an accomplice if, with the purpose of promoting or facilitating the commission of an offense, he aids or agrees to aid another person in planning or engaging in the conduct causing the result.

In *Tyler* v. *State,* 265 Ark. 822, 581 S.W.2d 328 (1979), the Arkansas Supreme Court held that an accessory before the fact is an accomplice, and in *Redmon* v. *State,* 265 Ark. 774, 580 S.W.2d 945 (1979), the court held that there is no distinction between the criminal responsibility of an accomplice and the person who actually commits the offense.

In *Parker* v. *State,* 265 Ark. 315, 578 S.W.2d 206 (1979), the appellant was charged as a principal and convicted as such. In affirming appellant's conviction, the court stated:

Since the abolition of the distinction between principals and accessories before the fact, an allegation in the information that an accessory committed the crime is sufficient, even though he was only present, aiding, abetting and assisting.

One who merely introduces a buyer to a seller cannot be convicted of delivery of a controlled substance or of possession with intent to deliver. The Arkansas Supreme Court held in *Daigger and Taylor* v. *State,* 268 Ark. 249, 595 S.W.2d 653 (1980), that the middleman must take a more active part to be a principal or even an accomplice. Appellant, in this case, took a sufficiently active part in this transaction. He did much more than merely introduce Officer Best to the sellers; he acted throughout the negotiations as an agent and accomplice of the seller by setting the price, arranging for the meeting and leading the officer to the rendezvous spot.

He was an active participant in the transaction, and as an accomplice he was liable for the criminal conduct of the other participants. As such, he could properly be charged and convicted as a principal.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.