Jessie BOOKER *v.* STATE of Arkansas

CA CR 90-23 796 S.W.2d 854

Court of Appeals of Arkansas
En Banc
Opinion delivered October 24, 1990

*Steve Inboden,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with two counts of delivery of a controlled substance, violations of Ark. Code Ann. § 5-64-401 (1987). After

a jury trial he was found guilty of those charges and sentenced to ten years in the Arkansas Department of Correction on count one, and fifteen years on count two. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying his motion for a directed verdict, and in refusing to give a requested jury instruction concerning accomplice liability. We affirm.

 A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Roach* v. *State*, 30 Ark. App. 119, 783 S.W.2d 376 (1990). In reviewing the denial of the motion we consider the evidence in the light most favorable to the appellee, considering only the testimony which supports the verdict. *Coley* v. *State*, 302 Ark. 526, 790 S.W.2d 899 (1990). We must affirm if there is any substantial evidence to support the conviction. *Id.*

There was evidence that an investigator with the Arkansas State Police conducted an undercover narcotics investigation. In the course of this investigation, he and a confidential informant went to Marked Tree, Arkansas, on January 17, 1989, to attempt to buy crack cocaine from a suspect named Red Pope. They drove down Jefferson Street, an area where "a lot of drug dealing is done," in search of Red Pope. The appellant came up to the investigator's vehicle. Asked if he had seen Red, the appellant said that he had not, but that he could get them some "rock" if they were looking for something. The appellant then called for another man, who came up to the vehicle and was introduced as "Chill". The appellant and Chill entered the vehicle. Chill asked the investigator what he wanted, and the investigator told him he wanted to buy one or two "rocks," "rock" being a street term for crack cocaine. Chill gave the investigator one rock of crack cocaine, and received $50.00. When the appellant and Chill got out of the vehicle, the appellant asked for money "for setting up the meet with Chill," and the investigator gave him $10.00.

On January 24, 1989, the investigator and the confidential informant again went to Jefferson Street in Marked Tree. The appellant approached their vehicle and asked them what they wanted to purchase. The officer told the appellant he wanted to buy a quarter ounce of rock, and the appellant then entered the vehicle and drove them to a housing project, parking behind a

pickup truck. The appellant told them to follow the pickup truck, which led them to another area of Marked Tree. Chill, the confidential informant, and another man went into an apartment complex. After a few minutes the confidential informant came out and told the investigator to come inside the apartment. At a kitchen table, Chill produced two plastic bags of cocaine and, in two separate transactions, Chill exchanged approximately 5/16 of an ounce of crack cocaine for $500.00. The appellant, the investigator, and the confidential informant then returned to the investigator's vehicle, where the investigator gave the appellant $20.00 for setting up the transaction. The appellant was taken back to Jefferson Street.

Citing *Bowles* v. *State*, 265 Ark. 457, 579 S.W.2d 596 (1979), and *Daigger* v. *State*, 268 Ark. 249, 595 S.W.2d 653 (1980), the appellant contends that the evidence shows only that he introduced the buyers and the sellers and was present when the delivery occurred, and that this evidence is not sufficient to prove that he was an accomplice to the crime of delivery of a controlled substance. We think that the appellant's role in the transaction was more active than he perceives, and we reject his argument.

An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, and encourages, or coerces another to commit the offense, or aids or attempts to aid another person in the planning or commission of the offense. Ark. Code Ann. § 5-2-403 (1987). When two or more persons assist one another in the commission of a crime, each is an accomplice and is criminally liable for the conduct of both. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). A participant cannot disclaim responsibility because he did not personally take part in every act that went to make up the crime as a whole. *Id.* The crime in the case at bar was delivery, defined as the actual, constructive, or attempted transfer of a controlled substance from one person to another in exchange for money or anything of value, whether or not there is an agency relationship. Ark. Code Ann. 5-64-101(f) (Supp. 1989).

The evidence in *Bowles* v. *State, supra,* showed only that Bowles advised Baker, an undercover officer, that he could buy marijuana from a drug dealer named Cash, and gave Baker a note introducing him to Cash. After receiving the note, Cash asked

Bowles if it was safe to do business with Baker, and Bowles assured him that it was. Baker then purchased marijuana from Cash. Baker had no conversation with Bowles between the time he first met Cash and the time he purchased the marijuana. After the purchase, Baker offered Bowles $100.00 for establishing the contact. Bowles declined the money, saying he did it as a favor. The Supreme Court concluded that this evidence merely raised a suspicion that Bowles aided Cash in the transaction, and reversed Bowles's conviction for delivery of a controlled substance. In *Daigger* v. *State*, 268 Ark. 249, 595 S.W.2d 653 (1980), the evidence showed only that police officers tried to buy LSD from David Taylor, could not agree on a price, and that Taylor introduced them to a couple from whom the officers did purchase LSD.

The appellant couches his argument in terms of agency, asserting that *Bowles* and *Daigger*, *supra*, stand for the proposition that one who is acting as an agent of the buyer is, by definition, not an accomplice. However, we think those cases are more properly understood as going to the defendant's intent: does he act with the sole intention of aiding the purchaser, as did the appellant in *Bowles*, or does he instead act with the purpose of aiding the seller in the delivery of a controlled substance?

In the case at bar, the confidential informant testified that Chill supplied the narcotics. However, he also stated that:

> Unfortunately, it isn't always possible to meet [Chill] or know where he is. Other people would see us and knew we had money and inquire as to what we were looking for and take us to where he may be.

We think that there is substantial evidence in the case at bar to show that the appellant was not acting with the sole intention of aiding the purchaser. The evidence shows that the appellant initiated both drug transactions by asking the investigator what he wanted to purchase, and arranged for the prospective purchasers to meet Chill on both occasions. With respect to the January 24 transaction, the appellant led the investigator along a circuitous route which ultimately led to the apartment where the drugs were purchased. Finally, unlike the appellant in *Bowles*, *supra*, who arranged a drug sale as a favor for the purchaser, the appellant in the case at bar had a financial interest in the

transaction: following the January 17 drug sale he asked for and received payment for his efforts, and he was also paid for his services which culminated in the drug deal of January 24. We think it clear that these circumstances extend beyond the mere introduction of buyer and seller which was found insufficient in *Daigger, supra,* and that the jury could conclude on this evidence that the appellant was actively aiding Chill in the delivery of a controlled substance by soliciting sales and arranging the contact between buyer and seller which made the sales possible. *See Yent* v. *State,* 9 Ark. App. 356, 660 S.W.2d 178 (1983). We hold that the appellant's convictions are supported by substantial evidence, and that the trial court therefore did not err in denying his motion for a directed verdict.

■ We do not address the appellant's contention that the trial court erred in refusing to give a requested jury instruction because the requested instruction is not in the record before us. Failure to show that an instruction was offered precludes consideration of this issue on appeal. *See Shockley* v. *State,* 282 Ark. 281, 688 S.W.2d 22 (1984).

Affirmed.