Demetrius HEARD *v.* STATE of Arkansas

CA CR 00-113                                      32 S.W.3d 30

Court of Appeals of Arkansas
Division II
Opinion delivered November 8, 2000

*James P. Clouette*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

MARGARET MEADS, Judge. Appellant, Demetrius Heard, was convicted in a bench trial of delivery of a counterfeit substance and was placed on probation for a period of five years and assessed a $2,500 fine. His sole point on appeal is that there was insufficient evidence to sustain his conviction. Specifically, appellant contends that there was insufficient evidence presented that the substance delivered was a counterfeit substance and that there was insufficient evidence of his accomplice liability. We agree with appellant's argument, and we reverse and dismiss the conviction.

■ For evidence to be sufficient, there must be substantial evidence to support the verdict. *Mulkey v. State*, 330 Ark. 113, 952 S.W.2d 149 (1997). Evidence is substantial if it is forceful enough to compel a conclusion one way or the other without having to resort to speculation and conjecture. *Id.* In determining whether the evidence is substantial to support a conviction, the appellate court views the evidence in the light most favorable to the appellee, only considering the evidence that supports the guilty verdict. *Akins v. State*, 330 Ark. 228, 955 S.W.2d 483 (1997).

In the present case, the State presented the testimony of one witness, Officer Randy Mauk of the Lonoke Police Department. Mauk testified that on December 19, 1998, he was working undercover with two other individuals, purchasing illegal drugs. They drove up to appellant, who was standing on a street corner, and asked if he had a twenty-dollar rock of cocaine that he would sell to them. Appellant answered, "No." Appellant then looked over to three individuals seated on a park bench and asked if they had any drugs to sell, and Broderick Davis stood up and approached the car. Davis handed Mauk three wrapped rocks of what appeared to be rock cocaine; however, when Mauk returned to the police station and unwrapped the rocks, he found they were only gravel.

Appellant, citing *Daigger & Taylor v. State*, 268 Ark. 249, 595 S.W.2d 653 (1980), and *Bowles v. State*, 265 Ark. 457, 579 S.W.2d 596 (1979), argues that there is insufficient evidence to show that he was an accomplice to the alleged delivery. The State cites *Yent v. State*, 9 Ark. App. 356, 600 S.W.2d 178 (1983), and *Jacobs v. State*,

317 Ark. 454, 878 S.W.2d 734 (1994), on this point and asks that we affirm. Appellant also argues that there is insufficient evidence to show that a counterfeit substance was delivered. We agree with appellant that there was not sufficient evidence to prove that he was Davis's accomplice, and therefore we do not address the issue of whether the State proved that the substance was counterfeit.

Arkansas Code Annotated section 5-2-403(a) (Repl. 1997) provides:

> A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
>
> (1) Solicits, advises, encourages, or coerces the other person to commit it; or
>
> (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or
>
> (3) Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.

In *Bowles, supra,* our supreme court reversed and dismissed appellant's conviction for being an accomplice to the delivery of a controlled substance where the only involvement appellant had concerning the sale was introducing the buyer to the seller. In reversing the conviction, the *Bowles* court quoted from *Henderson v. State,* 255 Ark. 870, 503 S.W.2d 889 (1974):

> There is some apparent conflict in the authorities from other jurisdictions as to whether one who recommends, or directs a purchaser to, a seller of illicit drugs is an accomplice of the seller. In Arkansas, an accomplice, under the statute forbidding conviction of a felony on uncorroborated testimony of an accomplice, is one who could be convicted of the offense of which the defendant is charged. . . . In *Rich v. State,* 176 Ark. 1205, 2 S.W.2d 40, we held, upon the authority of *Wilson v. State,* 124 Ark. 477, 187 S.W. 440, that one who assists a purchaser in buying intoxicating liquors and confines his participation in the transaction exclusively to the buying, not the selling, is not guilty of the offense, and not an accomplice. We have also held that one who was employed as a laborer in the operation of a whiskey still and was an accomplice in its operation and in manufacturing liquor, was not an accomplice of his employer in the possession of the still, because he could not

be convicted of the crime of possessing a still, either as a principal or accessory. . . . In *Beck v. State*, 141 Ark. 102, 216 S.W. 497, we held that one who acted only as the agent of the buyer of intoxicating liquors and had no other interest in the sale, was not an accomplice of the seller. So long as one acts solely on behalf of the purchaser, he is not an accomplice of the seller. . . . (Citations omitted.)

255 Ark. at 878-79, 503 S.W.2d at 894.

In *Daigger & Taylor, supra*, appellant Taylor was approached by undercover officers attempting to buy LSD, but they were unable to agree on a price. Taylor then took the officers to the Daiggers, who sold LSD to the officers. In reversing Taylor's conviction for delivery of LSD, our supreme court, citing *Bowles*, held that a man who simply introduced the buyer to the seller was not guilty of delivery; the middle man must take a more active part to be a principal or even an accomplice.

The two cases cited by the State are distinguishable from the instant case. In *Yent, supra*, we affirmed appellant's conviction for possession of a controlled substance with intent to deliver, but distinguished the case from *Daigger & Taylor, supra*, stating that the appellant had done much more than introduce the officer to the seller; he had acted as an agent and accomplice of the seller by setting the price, arranging for the meeting, and leading the officer to the meeting place. Similarly, in *Jacobs, supra,* our supreme court held that given appellant's actions during the purchases, it was apparent that he was aiding or attempting to aid in consummating the sales.

*Daigger & Taylor, supra,* is more analogous to the instant case, where appellant did nothing more than introduce the buyer to the seller. He did not deliver the drugs or accept payment for the drugs, as did the appellant in *Curry v. State*, 258 Ark. 528, 527 S.W.2d 902 (1975), nor did he actively solicit drug sales or benefit financially from such purchases, as did the appellant in *Booker v. State*, 32 Ark. App. 94, 796 S.W.2d 854 (1990). Moreover, he did not set the price, arrange a meeting place for the purchase, make change for the transaction, or comment on the quality of the drugs, as the appellants did in the cases cited by the State. Because appellant was no more than a middle man who merely introduced the undercover officer to the seller, he cannot be considered an accom-

plice and thus cannot be guilty of delivery of a counterfeit substance.

Reversed and dismissed.

ROBBINS, C.J., and CRABTREE, J., agree.